## Germer *v.* Ensign, Admr., Appellant.

*Sheriff's sale—Setting aside sale—Review—Discretion.*

The Supreme Court will not review an order of the common pleas refusing to set aside a sheriff's sale, in the absence of evidence that the discretionary power of the lower court in such a case was abused.

It seems that an application to set aside a sheriff's sale should be granted where the application is made promptly and is accompanied by an offer to bid an increase of $500 over the price of $2,500 brought at the sale.

Submitted April 24, 1893. Appeal, No. 96, July T., 1892, by D. P. Ensign, administrator of George Ulrich, deceased, Methua Tonson et al., children and heirs, and Geo. Gray et al., creditors of George Ulrich, deceased, from order of C. P. Erie Co., May T., 1892, No. 63, Germer v. Ensign, refusing to set aside sheriff's sale. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Petition to set aside sheriff's sale of real estate.

The petitioner, Methua Tonson, represented in her petition as follows :

" That she is a daughter of the late George Ulrich, deceased, and one of his legal heirs. That Ulysses Ulrich is her brother. That your petitioner and her brother are the lawful heirs of the said George Ulrich, deceased, and are interested in his estate and in the house and lot and property advertised for sale in this case. That your petitioner was aware that there was a mortgage in favor of Otto Germer of about $2,000, debt and interest. That she supposed that her brother had made arrangements to take care of his interest as well as hers in the said house and lot at the sheriff sale on the second Monday in May, 1892. That the said property was her father's homestead in his lifetime, and is worth, as your deponent believes, from $4,500 to $5,000 at a cash sale. That your deponent is informed that on May 1892, the sheriff exposed to sale the property, consisting of a house and lot on Twelfth street, of the estate of George Ulrich, deceased, at the suit of Otto Germer, and that the property was sold at $2,500 or thereabouts. That the property at the time of sale and now is worth from $4,500 to $5,000. That your deponent had supposed that her brother had arranged to take care of the sale. That the property has been purchased and sold as deponent is informed and believes, in the interest of her step-mother, and against the interest of your deponent as one of the heirs, and has been sold by the said Otto Germer to the wife of George Ulrich, the step-mother of your deponent, who is interested in cheating your deponent and her brother out of their interest in the estate. That at the time of the sale your deponent was not present and could not bid upon the same ; that since she has learned of the sale she has endeavored to protect her interest in the property as well as that of the creditors, and is now prepared to increase the bid made for the property to the sum of $3,000, and would have bid that amount at the time it was struck off if she had known it was necessary to protect her interests and the creditors.

" Wherefore, your petitioner prays that the same may be opened and the property resold at her bid of $3,000, and that if the sale is not opened your deponent and the general creditors will be defrauded."

The court, GUNNISON, P. J., refused the prayer of the petition, May 19, 1892. A motion to open the sale on behalf of creditors was refused May 21st, as of May 19th. The administrator, the heirs and the creditors appealed.

*Errors assigned* were refusal of (1) petition of heirs, and (2) motion of creditors, quoting them.

*S. M. Brainerd* and *Clark Olds,* for appellants.—The purchaser acquired no interest in the land until acknowledgment of sheriff's deed. The court should protect the heirs and creditors.

*Geo. A. Allen* and *L. Rosenzweig* for appellee, cited: 1 T. & H. Pr. § 1269; Carson's Sale, 6 Watts, 147; Evans v. Pratt, District Court of Phila. June 10, 1848; Young's Ap., 2 P. & W. 380; Sloan's Case, 8 Watts, 194; Crawford v. Boyer, 14 Pa. 380; Hoffa's Ap., 82 Pa. 297.

PER CURIAM, May 22, 1893:

This is an appeal from an order refusing the application of the appellants to open the biddings at a sheriff's sale. We cannot see why the application was not granted. It seems to have been made promptly, accompanied by an offer to raise the bid of the purchaser by the sum of five hundred dollars at least. This was a substantial advance upon the price at which the property had been struck down, and we should be glad if the learned judge had given some reason for denying the appellants the opportunity they asked. The subject is however one which belongs to the class over which the courts exercise a discretionary power, in view of all the circumstances presented to them for consideration. We cannot presume that this power was abused in this instance, and except for an abuse of it we do not ordinarily interfere in matters resting in the discretion of the lower courts.

The appeal is dismissed.