NANCY J. LeSell, Appellant, v. JEAN C. MENDENHALL et al., Appellees.

FRAUDULENT CONVEYANCES: Creditor's Action to Set Aside— 1 Presumptions—Creditor at Time of Conveyance. In an action to subject to judgment of grantor's creditor property alleged to have been conveyed to defraud creditors, there is no presumption of fraud, and the burden of proof is on the plaintiff to show the fraud in making the conveyance, and he must affirmatively show that he was a creditor of the grantor's at the time of the making of the conveyance.

APPEAL AND ERROR: Presumptions—Equity Causes. Where the 2 record on appeal, in an action to subject to judgment land conveyed by grantor, fails to show when the creditor's cause of action accrued, the presumption is in favor of the trial court's holding that land conveyed to defendant was not subject to the payment of a judgment entered after the conveyance was made.

*Appeal from Polk District Court.*—Lawrence DeGraff, Judge.

March 18, 1919.

Rehearing Denied July 7, 1919.

Action in equity to subject certain land to the payment of a judgment. Decree dismissing plaintiff's petition. Plaintiff appeals.—*Affirmed.*

*Chester J. Eller,* for appellant.

*Parsons & Mills,* for appellees.

Gaynor, J.—Plaintiff brings this action in equity to subject certain real estate to the payment of a judgment claimed to have been obtained by her against the defendant Jessie Clements, alleging that conveyances were made without consideration, and for the purpose of hindering, delaying, and defrauding her in the collection of her judgment. The petition alleges that, during the May term (no year given), this plaintiff obtained judgment for $250 and costs, against Jessie Clements, in a case numbered 22935 Law; that an execution was issued on the judgment, and the execution returned unsatisfied; that, soon after the bringing of the aforesaid case, she commenced another case against Jessie Clements, known as No. 21635 Law, wherein she asked judgment for damages. She alleges that the conveyances complained of were made for the purpose of defrauding her of her rights, and were without consideration.

All the defendants appeared and filed answer, denying the allegations of plaintiff's petition.

On the trial of the case, the plaintiff introduced in evidence the pleadings and files in No. 21635 Law, together with the stipulation entered into between the parties on June 10, 1913. Neither the files nor the stipulation appear in this abstract, nor are they before us. She also introduced

in evidence the files in No. 22935 Law, in which it appears a judgment was entered in her favor against the defendant Jessie Clements, for $250. These files do not appear in the abstract, and are not before us.

In an amendment to the abstract, it is shown that the petition in the case No. 22935 Law was filed on the 28th day of August, 1913, and judgment entered June 19, 1916. The deeds, which it is claimed were made in fraud of plaintiff's rights, are not set out in the record, but we are informed that they were executed and acknowledged on the 7th day of June, 1913, and recorded on the 13th of September, 1913.

The record does not disclose what became of the suit No. 21635, nor does it appear that any judgment was ever entered in that suit, nor that Jessie Clements was in any way indebted to the plaintiff on account of the matters therein set out. There were, however, stipulations made in this suit, but whether acted upon or not does not affirmatively appear. Judgment was entered in No. 22935, but it does not affirmatively appear upon what this judgment was based. It seems to have been the result of a compromise of some sort. If we had the pleadings before us in this case, the stipulation of the parties, and the record, we might find some basis supporting plaintiff's contention. But in the absence of any record, we have no way of knowing whether there was, in fact, any indebtedness existing at the time these conveyances complained of were made. The most we have in the way of data is that the petition in No. 22935 Law, in which the judgment was entered, was filed on the 28th day of August, 1913. It is not before us, nor have we any way of knowing when the cause of action arose, upon which the claim in that petition was based, because there is nothing in the record showing this. We have simply the commencement of the action and the entering of the judgment, both of which were subsequent to the conveyances.

The claim of the plaintiff is that Jessie Clements con-

veyed this property for the purpose of hindering, delaying, and defrauding her creditors. The burden of proof is on the plaintiff to show these facts. There is no presumption of fraud. It must affirmatively appear that plaintiff was a creditor of Jessie Clements' at the time the conveyances were made. A conveyance cannot be said to be in fraud of the rights of one who has no claim against the party alleged to have perpetrated the fraud, at the time the act was done upon which the fraud was predicated. A conveyance cannot be said to be in fraud of the rights of one who is not shown to have a claim against the grantor or his property at the time the conveyance is made.

1. FRAUDULENT CONVEYANCES: creditor's action to set aside: presumptions: creditor at time of conveyance.

2. APPEAL AND ERROR: presumptions: equity causes. The judgment was not entered until long after the conveyance was made. Whether the stipulations referred to dispose of No. 21635, and merge all rights into the judgment finally entered in No. 22935, does not affirmatively appear. The records introduced in evidence might throw light on this, but they are not before us. They were, however, before the district court at the time the judgment was entered. The presumptions are in favor of the court's holding. To entitle us to interfere with the judgment of the court, the facts showing error must appear in the record before us. They do not so appear, and the judgment of the court is, therefore,—*Affirmed.*

LADD, C. J., PRESTON and STEVENS, JJ., concur.