(No. 13626.—Judgment affirmed.)

L. H. PARKER, Trustee, Plaintiff in Error, *vs.* J. S. HAND
*et al.* Defendants in Error.

*Opinion filed October 22, 1921.*

1. BANKRUPTCY—*a fraudulent preference under section 60b of
Federal Bankruptcy act does not render the debt void.* A fraudulent preference which may be set aside by a trustee in bankruptcy
under section 60b of the Federal Bankruptcy act is not such a conveyance as renders the debtor's obligation to the particular creditor
void, as the statute is intended merely to protect other creditors
against such a preference, and the creditor who had the preference is still entitled to file his claim against the bankrupt estate
and share the assets of the bankrupt *pro rata.*

2. SAME—*grantee of trustee in bankruptcy is not entitled to set
aside a fraudulent preference.* Under section 60b of the Federal
Bankruptcy act the only person who is given the right to maintain
a suit to set aside a fraudulent preference is the trustee in bankruptcy, who is permitted to exercise the right as an official for the
benefit of creditors; and this right is not assignable by the trustee, nor can it be transferred to a grantee who has taken a deed
to the bankrupt's land from the trustee by order of court, even
though the fraudulent preference was in the form of a mortgage
on said land.

WRIT OF ERROR to the Appellate Court for the Second
District;—heard in that court on appeal from the Circuit
Court of Lake county; the Hon. CLAIRE C. EDWARDS,
Judge, presiding.

MUSGRAVE, OPPENHEIM & LEE, E. V. ORVIS, JAMES B.
GASCOIGNE, and JOHN A. McKEEVER, for plaintiff in error.

BEN M. SMITH, for defendants in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

On December 13, 1916, Thomas A. Fagan, trustee in
bankruptcy of Charles R. Carpenter, filed a bill of complaint in the circuit court of Lake county against the defend-

ants in error, J. S. Hand, Charles M. Paden, William S. Paden and the unknown owners of the real estate therein described, praying that certain mortgages given by the bankrupt to Hand might be set aside as fraudulent preferences under section 60b of the Federal Bankruptcy act. To this bill a demurrer by Hand, the mortgagee, was sustained. On January 4, 1917, Fagan, pursuant to an order entered in the United States district court in the bankruptcy proceeding, conveyed by deed to Wallace Ingalls said land, and at the same time assigned and transferred to Ingalls all claims and demands belonging to the bankrupt estate, including all actions, rights of action and causes of action of every nature then vested in the trustee, including the right to prosecute an action to set aside the aforesaid mortgages as fraudulent preferences. On the same day Ingalls and wife conveyed the land to L. H. Parker, trustee of the American Trades and Savings Bank of Racine, Wisconsin, and also assigned to him all the rights aforesaid obtained from Fagan. On October 29, 1917, Fagan, as trustee in bankruptcy, filed his supplemental bill setting forth substantially the same facts alleged in his original bill, and further alleging that L. H. Parker, trustee of the American Trades and Savings Bank, was the owner of the land by virtue of said conveyances, and prayed that the mortgages might be set aside as fraudulent preferences in behalf of Parker. A demurrer was also sustained to this bill. On August 8, 1918, Parker, as trustee aforesaid, filed in his own behalf his amended and supplemental bill, setting up that Carpenter was on April 9, 1915, the owner and in possession of the real estate; that on January 6, 1915, Hand claimed to be a creditor of Carpenter in the sum of $7000 for money theretofore advanced to Carpenter, and that he was also entitled to receive from Carpenter $3500 as trustee of Mary A. Hand for money likewise advanced; that on the same day Carpenter executed the mortgages in question to Hand to secure said two debts; that the mortgages were dated September 19, 1914, but

were, in fact, executed and delivered January 6, 1915, and were antedated for the purpose of hindering, delaying and defrauding Carpenter's creditors; that Carpenter is, and has been at all times since September 19, 1914, insolvent and that the mortgages operated as preferences, contrary to the provisions of the Bankruptcy act, and that Hand had reasonable cause to believe that Carpenter was insolvent when the mortgages were executed and delivered to him. The bill further alleged that the real estate described in the mortgages was a part of the assets of the estate of Carpenter, who had filed a voluntary petition in bankruptcy April 9, 1915, and had been adjudged to be a bankrupt less than four months after the execution and delivery of the mortgages, and that said estate passed to Fagan as trustee in bankruptcy, with the right to bring an appropriate action to have the mortgages removed as clouds upon the title to the land. The bill then alleged the filing of the bills by the trustee in bankruptcy, Fagan, to set aside the mortgages as fraudulent preferences and the fact that demurrers were sustained to the same by the court; also alleged the making of the conveyance of the land by the trustee in bankruptcy to Ingalls, together with an assignment to him of the right to bring any and all character of actions whatsoever as trustee in bankruptcy, including the right to maintain a suit to set aside the mortgages as fraudulent preferences, and also recited that Ingalls and wife had conveyed the land and assigned the right to maintain this suit to plaintiff in error. The bill prayed that Hand, Carpenter, Charles M. Paden, William S. Paden and the Sunny Brook Farm Sanitarium be made defendants, and that the mortgages may be found and decreed by the court to constitute unlawful preferences, contrary to the provisions of the Bankruptcy act, and for further relief. The court sustained a demurrer to this bill by Hand and dismissed it for want of equity. On appeal to the Appellate Court for the Second District the decree of the circuit court was affirmed, and the record is brought

to this court by L. H. Parker for further review by writ
of error.

The sole and only question raised on this record is
whether or not the plaintiff in error, by the deeds referred
to conveying to him the real estate in question and by the
assignments set forth in the bill, acquired the right to file
and maintain his bill to have the mortgages in question set
aside as fraudulent preferences under section 60b of the
Bankruptcy act. That section reads as follows:

"Sec. 60b. If a bankrupt shall have procured or suf-
fered a judgment to be entered against him in favor of any
person or made a transfer of any of his property, and if,
at the time of the transfer, or of the entry of the judgment,
or of the recording or registering of the transfer, if by
law recording or registering thereof is required, and being
within four months before the filing of the petition in bank-
ruptcy or after the filing thereof and before the adjudi-
cation, the bankrupt being insolvent and the judgment or
transfer then operate as a preference and the person receiv-
ing it or to be benefited thereby, or his agent acting therein,
shall then have reasonable cause to believe that the enforce-
ment of such judgment or transfer would effect a preference,
it shall be voidable by the trustee and he may recover the
property or its value from such persons. And for the pur-
pose of such recovery, any court of bankruptcy, as herein-
before defined, and any State court which would have had
jurisdiction if bankruptcy had not intervened, shall have
concurrent jurisdiction." (Federal Stat. Ann. 1026.)

An analysis of the above Federal statute clearly shows
that a judgment or transfer of the character therein men-
tioned is made voidable by the trustee for the simple
purpose of preventing a preference to the holder of such
judgment or transfer, it being a distinct feature and object
of the Bankruptcy act that all creditors so preferred by the
debtor shall only share equally with all the other creditors
in the distribution of the bankrupt's assets. It is not the

intention of the statute that the creditor holding such judgment or transfer shall have his debt against the bankrupt avoided and canceled, but merely that the instrument by which he seeks to secure such preference shall be rendered void, so as to destroy all right of preference as to other creditors. (*Trimble* v. *Woodhead,* 102 U. S. 647.) This statute recognizes the difference between the intent to defraud and the intent to prefer a creditor, as well as the difference between a fraudulent and a preferential conveyance. "One is inherently and always vicious; the other innocent and valid, except when made in violation of the express provision of the statute. One is *malum in se* and the other *malum prohibitum,* and then only to the extent that it is forbidden. A fraudulent conveyance is void regardless of its date; a preference is valid unless made within the prohibited period. It is therefore not, in itself, unlawful to prefer, nor fraudulent for one, though insolvent, to borrow in order to use the money in making a preference." (*VanIderstine* v. *National Discount Co.* 33 Sup. Ct. 343.) A fraudulent preference also differs in very much the same manner from the ordinary case of a conveyance, which may be set aside for constructive fraud where there is no actual intent to defraud upon the part of the grantor or no participation in such actual intent by the grantee. Not only is the conveyance in such case of constructive fraud set aside and declared void as against creditors, but also the obligation of the debtor to the grantee is likewise declared void as against creditors as in case of actual intent to defraud, when such conveyance is by way of a mortgage or trust deed to secure a debt that is not a *bona fide* debt. Such a fraudulent conveyance is good as between the parties and as to all the world except as to creditors of the grantor at the time the conveyance was made, and one who is not shown to have a claim against the grantor or his property at the time the conveyance was made is not defrauded and cannot attack the fraudulent conveyance. (*LeSell* v. *Men-*

*denhall,* 186 Iowa, 980; *Wangenheim* v. *Garner,* 183 Pac. 670.) This latter rule is subject to some exceptions, as where the conveyance was made with a view to defraud a subsequent creditor, and also in a few other cases where the parties claim through creditors who had a right to have such conveyance set aside. In the case of a fraudulent preference under the Federal statute, the creditor having the preference is entitled to file his claim against the bankrupt estate and share the assets of the bankrupt *pro rata,* notwithstanding the fact that he has such fraudulent preference. *In re Oppenheimer,* 140 Fed. 51.

Under the Federal statute in question the only person who is given the right to maintain a suit to set aside a fraudulent preference is the trustee in bankruptcy, and his right is given him for the simple purpose, as already stated, of securing to creditors the right to share equally in the assets of the bankrupt. No one else is given the right, and he is merely an official of the court and for the estate to collect the assets and to distribute them. It is not a personal right to him, but to him as an official for the benefit of creditors. Not even the creditors themselves can maintain such action but it must be brought in their behalf by the trustee in bankruptcy. This mere naked right to set aside a fraudulent preference is not assignable by the trustee in bankruptcy and an attempted assignment cannot be enforced. *Belding-Hall Manf. Co.* v. *Mercer & Ferndon Lumber Co.* 175 Fed. 335; *Lovell* v. *Latham & Co.* 211 id. 374; *Glenny* v. *Langdon,* 98 U. S. 20; *Lane* v. *Nickerson,* 99 Ill. 284; *Neuberger* v. *Felis,* 203 Ala. 142.

Plaintiff in error, so far as the allegations in the bill show, is not a creditor of the bankrupt, Carpenter, but is a mere purchaser from the grantee of the trustee in bankruptcy. There is no allegation in his bill that either he or his grantor, Ingalls, or the trustee, was ever in possession. There is no perceivable reason why, as a mere purchaser and speculator, he should be allowed to have the relief

sought by his bill. By his deed he took only the title to the land, which is the same title exactly as the trustee in bankruptcy took from the bankrupt,—nothing more, nothing less. He took no right of the trustee in bankruptcy to have the fraudulent preference set aside. It would be a perversion of the intent of the Federal statute if any relief were granted to him. The trustee, according to the allegations in the bill, has already distributed the funds or assets of the bankrupt collected by him, together with whatever he got out of the sale of the property now in question, among the creditors and has been discharged. The mortgages are no longer fraudulent preferences within the meaning of the Federal statute, if they ever were, as plaintiff in error is not a creditor and the trustee has sold and conveyed all interest in the land. The two attempts of the trustee to have the mortgages declared fraudulent preferences failed, and he cannot now attempt to do so for the creditors because he has sold all his interest as trustee, and plaintiff in error, as a mere purchaser from the trustee, cannot have this done for him. Had the trustee been entitled to set aside the mortgages in question, and the debts secured by them, on the ground that they were made with the intent to defraud creditors, a different question would have been presented from the one now before us. All the authorities cited by plaintiff in error, including *Warner* v. *Flack,* 278 Ill. 303, are inapplicable to the question here. Plaintiff in error, in fact, seeks to have the mortgages and debts in question absolutely nullified as to Hand, the mortgagee, and paid to himself by the Sunny Brook Farm Sanitarium, which, he alleges, is a purchaser of the property subject to the mortgages and the debts they secure. He does not even offer to do equity by paying to Hand the *pro rata* share he would have obtained in the bankrupt's estate had he filed his claim with the trustee in bankruptcy, and there is no allegation in the bill that Hand ever received from the trustee his *pro rata* share of the bankrupt's estate. His bill of complaint was

clearly demurrable because it did not state a cause of action, and the court properly so held.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*