Lefever *v.* Kline et al., Appellants.

Argued May 21, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*O. G. Wickersham,* of *Wickersham & Neely,* for appellant, cited: Hollister v. Vanderline, 165 Pa. 248; Cake v. Cake, 156 Pa. 47; Stroup v. Raymond, 183 Pa. 279; Felton v. Felton, 175 Pa. 44.

*Paul S. Smith* and *John R. Geyer,* for appellee, were not heard.

PER CURIAM, June 30, 1928:

This is an appeal from an order of the Common Pleas of Dauphin County setting aside a sheriff's sale on the petition of defendant trust company, the holder of a

second mortgage on the premises involved. The court below, after considering the petition, answer and depositions, found that a bid of $4,700 was accepted from the appellant defendant, although the petitioner defendant was prepared to give $7,000, if the attention of its representative had not been "temporarily distracted by other business," at the moment when the property was put up; that his attention was not pointedly called to the fact that it was being cried for sale because no description thereof was read, although it was customary to read such descriptions when properties were reached on the list at sheriff's sales in that county. The court further found that the petitioner's representative immediately notified the person to whom the property had been sold that he was prepared to offer $7,000, and asked either that the sale be set aside or his bid substituted in place of the one accepted; that petitioner was "lulled to sleep" by certain assurances of the purchaser, so that nothing more was done at the moment; but that petitioner moved promptly to bring the matter to the attention of the court below, before the time for confirmation of the sale. In view of these circumstances, and the fact, as found, that $4,700 was an inadequate price, the court, in the exercise of its discretion, directed the sale set aside. It appears that, before this was done, the petitioner deposited $700, or 10% of its proposed bid, and tendered "any additional security the court [might] desire" to guarantee the balance of its bid.

It is well established law that the setting aside or refusal to set aside a sheriff's sale is a matter within the sound discretion of the local court, and that the decree of such tribunal will not be reversed unless "gross and manifest abuse of discretion" appears: Stroup v. Raymond, 183 Pa. 279, 281; Haspel v. Lyons, 41 Pa. Superior Ct. 285, 286; see also Germer v. Ensign, 155 Pa. 464, 466; Snyder v. Snyder, 244 Pa. 331, 335; Somerville v. Hill, 260 Pa. 477, 481. In Light v. Zeller, 195 Pa. 315, 316, we said: "While inadequacy of price is not, by

itself [enough] to justify the court in setting aside a sheriff's sale, yet where there is great inadequacy the court may seize upon other circumstances in order to give relief." There is sufficient inadequacy of price here, with the other facts stated in the opinion of the court below, to sustain the order assigned as error.

The appeal is dismissed.