NORTHERN INVESTMENT CORPORATION v. WILLIS H. COPPOCK, *et al.*

183 So. 635.
Division A.
Opinion Filed October 5, 1938.

*Wm. P. Simmons, Jr., and Clyde H. Wilson,* for Appellant;

*Allen Clements,* for Appellees.

BUFORD, J.—The appeal here is from order denying confirmation of sale and ordering re-sale of real estate in a suit foreclosing tax sale certificates.

The City of Fort Myers as a tax lien holder party defendant objected to confirmation of sale because of inadequacy of price bid.

The property sold at Master's sale for $1000.00.

A stipulation in the record shows that besides the tax liens being foreclosed there were remaining outstanding tax liens in the sum of $2904.40. The sale, of course, was subject to these other outstanding tax liens.

Experts examined as to the value of the land at the time of the sale placed the same at varying figures ranging from $2500.00 to $6000.00. The price bid, plus outstanding tax liens, was $4904.40. There was no evidence that the property would bring more than the price bid, should it be re-sold.

It is true that the matter of refusing confirmation of sale is somewhat discretionary, but the rule is settled in this

jurisdiction as stated in the opinion in the case of Certain Lands v. City of Coronado Beach, 128 Fla. 884, 175 Sou. 774.

"A judicial sale, which is regularly made in the manner prescribed by law on due notice and without fraud, unfairness, surprise or mistake, will not be set aside or refused confirmation on account of mere inadequacy of price however great, unless the inadequacy is so gross as to shock the conscience and raise the presumption of fraud, unfairness or mistake."

However, in that case we quoted with approval from the case of Mitchell v. Mason, 75 Fla. 679, 79 Sou. 163, saying:

" 'Inadequacy of price in connection with other circumstances having a tendency to cause such inadequacy resulting in injury is considered sufficient grounds to set aside the sale, especially if the circumstances result from the mistake of one whose duty it is under the decree to make sale of the property, yet the Chancellor has a large discretion which will only be interfered with by the appellate court in a clear case of injustice. See Sowards v. Pritchett, 37 Ill. 517; Glenn v. Clapp, 11 Gill. & J. (Md.) 1; Pattison v. Joselyn, 43 Miss. 373; Eberhart v. Gilchrist, 11 N. J. Eq. (Stockton) 167; Schroeder v. Young, 161 U. S. 334; 16 Sup. Ct. Rep. 512; Mechanics' Saving & Building Loan Ass'n v. O'Connor, 29 Ohio State 651; Young v. Teague, Bailey's Eq. (S. C.) 13.' "

Now, adhering to both enunciations, we, to reverse the order appealed from, would be required to hold that we have here a clear case of injustice. We cannot so hold. A condition of the order of resale was that the movant, City of Fort Myers, should pay the costs incident to resale.

If the Chancellor had denied the motion and confirmed the sale we could not have held him in reversible error be-

cause the inadequacy of price, when considered in connection with outstanding liens, was not sufficient to shock the judicial conscience. In such cases the Chancellor must proceed with caution and exercise a sound judicial discretion to the end that justice shall be done between the parties.

The appellate court is bound to respcet the decree of the Chancellor in matters where he may exercise sound judicial discretion and affirm his action in that regard, unless it be clearly shown that he has abused such discretion.

So the order must be affirmed and it is so ordered.

Affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.