## In re Mechanics Trust Company

*William H. Dunbar, 3d,* for receiver.

*John Oenslager* and *Maurice R. Metzger,* of *Metzger & Wickersham,* for Frank O. Oenslager.

*Earl V. Compton,* for George A. Myers.

Fox, J., April 15, 1940.—In this case the Secretary of Banking of the Commonwealth, receiver of the Mechanics Trust Company of Harrisburg, Pa., presented a petition to the court for an order of sale of the real estate therein fully described and identified, setting forth, inter alia, that included in the assets of the said trust company was a certain lot of land with the building thereon erected; that petitioner had received an offer for the purchase of said real estate from one Frank O. Oenslager and Beulah Z. Oenslager, his wife, for the sum of $2,000, $200 of which was paid to the receiver as evidence of good faith. Whereupon the court made an order on January 19, 1940, directing notice of the presentation of the said petition by advertisement in the Harrisburg Telegraph, a newspaper of general circulation in the City of Harrisburg, and in the Dauphin County Reporter, a legal newspaper, which notices set forth that a private sale of the real estate described in the said petition to Frank Oenslager and Beulah Z. Oenslager, his wife, for the sum of $2,000 would be authorized, ratified, and decreed on January 31, 1940, at 10:00 a.m., unless exceptions or objections were filed thereto by that date. The notices published, inter alia, gave notice that an offer of $2,000 had been made by the said Frank Oenslager and wife, with a full description of the property "and that all parties in interest in the purchase of the same premises may submit sealed bids therefor to be delivered at the prothonotary's office of the county between the hours of 9:00 and 10:00 a.m., on January 31, 1940; said bids to be accompanied by a certified check for 10 percent of the price bid; and report thereof to be made to the court for its approval of the highest bona fide offer made therefor, if any, above the said offer made" (to wit, by the said Oenslager, $2,000).

On January 31, 1940, the matter was presented to the court and one sealed bid was in the presentation, which was $2,150.50 by George A. Myers and Marguerite E. Myers, his wife, whereupon the court, inter alia, made an order approving, ratifying and decreeing the sale of

the real estate described in the order to George A. Myers and wife, for the sum of $2,150.25, and authorized and empowered the said receiver to execute and deliver the deed therefor to the said Myers and wife upon the payment of the purchase price; return of sale to be made within 10 days after settlement. The receiver made no return as directed, but on February 19, 1940, presented another petition to the court setting forth, inter alia, that on January 31, 1940, he had received a bid of George A. Myers and wife of $2,150.50 net and there being no higher bid a final order of the court was signed authorizing conveyance to the aforesaid parties upon payment of the purchase price and, before he had opportunity to convey by deed and receive the final consideration from the said Myers and wife, the said Frank Oenslager expressed his definite intentions of submitting a higher offer, provided it were possible so to do, and therefore the receiver withheld settlement to the said Myers and wife to definitely determine whether or not it was his duty to consider an increased offer, and on February 8, 1940, the said Oenslager submitted his bid in writing in the amount of $2,350, with a deposit of 25 percent, or $587.50, for the purchase of the property above mentioned; that the said tract of real estate was one of 42 pieces of real estate conveyed by Dr. John Oenslager and wife to the Secretary of Banking, as receiver of the Mechanics Trust Company, as a consideration for the satisfaction of certain judgment notes owed by the aforesaid John Oenslager, Jr., to the Mechanics Trust Company, prior to and at the closing of the said institution; and that under the agreement it was provided that the excess funds realized from the sale of said real estate above that needed to pay the indebtedness of the said Dr. John Oenslager, Jr., in full would be returnable to said Dr. John Oenslager, Jr. The proceeds of previous sales and from the real estate still in its possession are sufficient to pay the remaining indebtedness and that the consideration of the increased offer will not affect the status

of the depositors of the Mechanics Trust Company, and it prayed for an order to show cause why the previous order of court dated January 31, 1940, authorizing the sale, should not be set aside, in order that consideration be given to the new increased offer received from Frank Oenslager and Beulah Z. Oenslager. Whereupon the court on February 19, 1940, granted a rule on the said Myers and his wife to show cause why their bid should not be set aside for the reason of the new offer made by the said Oenslagers, which rule was made returnable in 10 days.

To this rule an answer was filed by the said Myers and wife, admitting the facts as set forth in the petition but contending that all the legal requirements regarding advertisement were complied with by the receiver prior to the time that their bid was accepted by the court on January 31, 1940, and that it would be inequitable and unjust to permit an unsuccessful bidder to raise his bid at this time; that the agreement between the said receiver and John Oenslager, as set forth in the sixth paragraph of the petition, provided that the receiver should be entitled to sell any part of the real estate referred to in said agreement and then held by him at such prices as he might deem proper and without the consent or approval of Oenslager, and, inter alia, that the said Frank Oenslager had his day in court and is not now entitled to a second day in court because he was the unsuccessful bidder theretofore.

The Department of Banking Code of May 15, 1933, P. L. 565, sec. 718, 71 PS §733, briefly stated, provides for the sale upon order of court of any real estate of the institution of which the Secretary of Banking is in possession as receiver, which order shall set forth terms and conditions and that every such sale of real property shall be confirmed by the court if all terms and conditions of its order authorizing such sale have been complied with. The secretary shall file a return of the sale in the court,

which court, if all the terms and conditions of the order of the court have been complied with, shall confirm the sale and certify confirmation thereof.

In the case of Morrison et al. v. Burnette et al., 154 Fed. 617, it is said (p. 624):

"The purchaser bids with full notice that the sale to him is subject to confirmation by the court and that there is a power granted and a duty imposed upon the judicial tribunal when it comes to decide whether or not the sale shall be confirmed to so exercise its judicial power as to secure for the owners of the property the largest practicable returns. He is aware that his rights as a purchaser are subject to the rational exercise of this discretion. But after the sale is confirmed that discretion has been exercised. The power to sell and the power to determine the price at which the sale shall be made has been exhausted. From thenceforth the court and the successful bidder occupy the relation of vendor and purchaser in an executed sale, and nothing is sufficient to avoid it which would not set aside a sale of like character between private parties. Hence the rule is settled, and it seems to be universally approved, that after confirmation of a judicial sale neither inadequacy of price, nor offers of better prices, nor anything but fraud, accident, mistake, or some other cause for which equity would avoid a like sale between private parties, will warrant a court in avoiding the confirmation of the sale or in opening the latter and receiving subsequent bids. . . .

"This rule is so firmly established that it is no longer debatable, and the cogent and all-sufficient reason for it is that judicial sales would become farces, and rational men would shun them and refuse to bid, if after the confirmation unsuccessful bidders or dissatisfied litigants could avoid them and secure new sales by offers of higher prices, when they thought the purchase a fortunate one, and thus secure the profits in that event, and leave the buyer to suffer the losses if the property depreciated in value or the purchase was unwise." See also Moore v.

Triplett, 70 A. S. R. 882, Germer v. Ensign, Admr., 155 Pa. 464, and 35 C. J. 105. These are cases in which confirmations had been made, but we think they are applicable in principle to the instant case.

The statute, as cited above, sets forth the steps to be taken by the receiver and the court. Each one of these steps had been taken except that the secretary had not yet filed his return of sale, which, however, could have been done before February 8, 1940. The court made the order to convey to the said Myers and his wife on January 31, 1940. The said Myers and wife stood ready to buy the real estate and pay the balance of the purchase price upon receipt of deed. The said Frank Oenslager on February 8th made his second offer. The Department of Banking Code, supra, does not provide for such procedure. It seems to us to be trifling with the order of the court and to permit it is inequitable and not just to the said Myers and wife. If, after the time fixed for bids, the successful bidder was determined and deed directed to be made to him, there being no evidence of fraud, accident, or mistake or some other cause for which equity would avoid a like sale between private parties, a previous bidder should not be permitted to come in with a higher bid, that would then open the door to the previous successful bidder's again coming in and making a higher bid and if alterations are to be permitted in such wise, it would make the bidding uncertain and unstable and would likely deter bidders from making any bids at all. We are of opinion that the above-cited act of assembly makes it mandatory on us to confirm the sale.

Therefore, we are of the opinion that the rule should be discharged and that the receiver should convey the said premises to George A. Myers and wife upon receipt of the balance of the purchase price.

And now, April 15, 1940, the rule is discharged and the receiver is directed upon payment of the balance of the bid made by George A. Myers and Marguerite E.

Myers, his wife, to execute and deliver to them a deed for the premises above mentioned and to make return of sale within 10 days.