**WEBSTER et al. v. BARNES BANKING CO. et al.**

No. 1998.

Circuit Court of Appeals, Tenth Circuit.

July 24, 1940.

J. D. Skeen, of Salt Lake City, Utah (E. J. Skeen, of Salt Lake City, Utah, on the brief), for appellants.

Claude T. Barnes, of Salt Lake City, Utah, for Barnes Banking Co.

D. H. Wenger, of Salt Lake City, Utah, pro se.

Before PHILLIPS and WILLIAMS, Circuit Judges, and MURRAH, District Judge.

PHILLIPS, Circuit Judge.

On August 14, 1935, George W. Webster conveyed to his son, LeRoy G. Webster, by warranty deed, a tract of land situated in Davis County, Utah. The deed recited that it was given in consideration of the grantee assuming a mortgage indebtedness against the land and unpaid taxes thereon aggregating $6,000 and discharging $1,500 due him from George W. Webster for work and labor performed. On the same day, George W. Webster conveyed to his son, Benjamin G. Webster, by warranty deed, a tract of land situated in Davis County, Utah. The deed recited that it was given in consideration of the grantee assuming a mortgage indebtedness against the land and unpaid taxes thereon aggregating $4,000 and discharging $1,150 due him from George W. Webster for work and labor performed.

On December 27, 1935, Barnes Banking Company, a corporation, commenced an action against George W. Webster, Benjamin G. Webster, and LeRoy G. Webster in the Second Judicial District Court of Davis County, Utah, to set aside such conveyances on the ground that they were made to defraud creditors of George W. Webster.

On April 27, 1936, George W. Webster filed his voluntary petition in bankruptcy and was duly adjudged a bankrupt. In Schedule B-4 to his petition in bankruptcy, he set forth a description of the lands conveyed to LeRoy G. and Benjamin G. Webster and stated that he made such conveyances on or about August 19, 1935.

On April 27, 1936, D. H. Wenger was appointed trustee of the bankrupt estate. On June 16, 1936, the trustee filed a report with the referee in which he stated that the value of the land conveyed to LeRoy G. and Benjamin G. Webster was in excess of the consideration given therefor and prayed for an order authorizing the sale by the trustee of any equitable interest therein belonging to the bankrupt estate, subject to outstanding liens thereon. The appraised value of the land was $16,135.80, or $3,485.80 in excess of the consideration recited in the deeds. The referee authorized the sale. On May 30, 1936, the trustee offered the property for sale. LeRoy G. Webster bid $500 for the tract which had been conveyed to him and Benjamin G. Webster bid $500 for the tract which had been conveyed to him. No other bids were made. The trustee accepted the bids and reported them to referee. On July 7, 1936, the referee made an order confirming the sales. The proceeds of the sales were deposited by the trustee in the Walker Bank and Trust Company, Salt Lake City, Utah, subject to the order of the referee.

On September 1, 1936, the Barnes Banking Company filed in the office of the referee a copy of the pleading in the action brought by it in the state court to set aside such conveyances, and on September 11, 1936, it filed its claim with the referee.

The final report and account of the referee came on for hearing on September 28, 1937. Objections were filed to the report. On November 23, 1937, the referee found that it would be for the best interests of the creditors of the bankrupt that the state court action be prosecuted to a conclusion and entered an order that the bankrupt should not be discharged, and that the Barnes Banking Company might proceed with the state court action at its own expense and without any prejudice by reason of the sale by the trustee of the equitable interest in the land to LeRoy G. and Benjamin G. Webster.

On March 17, 1938, a decree was entered in the state court avoiding and setting aside the two conveyances of August 14, 1935. On May 9, 1939, the referee entered an order in which he found that a decree had been entered in the state court avoiding and setting aside such conveyances; that since the date of such fraudulent conveyances, LeRoy G. and Benjamin G.

Webster had had possession of the land so conveyed and had paid no rent therefor; that at the time of the trustee's sale, the land so conveyed was subject to the lien acquired by the Barnes Banking Company by filing its suit in the state court and was subject to ultimate disposition by the decree of that court; that the Barnes Banking Company was willing that the land be sold for the benefit of all the creditors of the bankrupt estate; that LeRoy G. and Benjamin G. Webster purchased the land at the trustee's sale with full knowledge of the pendency of the state court action and that it was just and equitable that the land be sold for the benefit of all the creditors; and ordered that the trustee's sale made on June 30, 1936, be annulled and set aside, and the consideration received by the trustee be refunded to LeRoy G. and Benjamin G. Webster, and that the land should be sold by the trustee.

On petition to review, the District Court found that under the existing conditions, no disinterested person could bid for the equity offered by the trustee at the sale on June 30, and that the order authorizing such sale and the order confirming it were erroneous. It entered an order confirming the order of the referee. LeRoy G. and Benjamin G. Webster have appealed therefrom.

■ A proceeding in bankruptcy from the time of its commencement by the filing of the petition until the final settlement of the estate of the bankrupt is but one suit. A district court, for the purposes of its bankruptcy jurisdiction, is always open. It has no separate terms. The rule that

a court may not vacate at a subsequent term an order made at a prior term has no application to a proceeding in bankruptcy. Proceedings in a bankruptcy suit at any time prior to its termination are open for re-examination upon application therefor in appropriate form; and any order made in the progress of the proceeding may be set aside and vacated upon proper showing made.[1]

■ A court of equity may set aside an order of sale either before or after confirmation when it appears that the same was entered through mistake, inadvertence, or improvidence.[2]

■ While a judicial sale will not be set aside on the ground of inadequacy of price alone, unless the inadequacy is so great as to shock the conscience of the chancellor, inadequacy of price, accompanied with other circumstances having a tendency to cause such inadequacy, or indicating any apparent unfairness or impropriety, will justify setting aside the sale. Such additional circumstances may be slight and insufficient in themselves to justify vacating the sale.[3]

■ It has been held that the right of a trustee in bankruptcy to set aside a conveyance made in fraud of creditors vests in the trustee for the benefit of the creditors and is not assignable.[4]

■ Here, the two sons were parties to the fraudulent transfer from the bankrupt. The price bid by them at the sale was inadequate. Under the authorities, there is grave doubt that the trustee could sell

[1] Sandusky v. First National Bank, 23 Wall. 289, 90 U.S. 289, 292, 293, 23 L. Ed. 155;

In re Windsor Square Development, 9 Cir., 91 F.2d 493, 495, 496;

In re Glory Bottling Co. of New York, 2 Cir., 283 F. 110, 111.

[2] In re Receivership of First Trust & Savings Bank, 45 Mont. 89, 122 P. 561, 565;

Weeks v. Cornwell, 106 N.Y. 626, 13 N. E. 96, 99;

Horse Springs Cattle Co. v. Schofield, 9 N.M. 136, 49 P. 954, 956.

[3] Magnes v. Tobias, 337 Ill. 605, 169 N.E. 741, 743;

Kentucky Joint Land Bank v. Fitzpatrick, 237 Ky. 624, 36 S.W.2d 25, 26;

Northern Investment Corp. v. Coppock, 134 Fla. 168, 183 So. 635, 636;

In re Downham Company, 5 W.W. Harr., Del., 294, 165 A. 152, 153;

Lefever v. Kline, 294 Pa. 22, 143 A. 488;

Layton v. Rhode Island Hospital Trust Co., 8 Cir., 205 F. 276, 277;

• Rospigliosi v. New Orleans M. & C. R. Co., 5 Cir., 237 F. 341, 344;

Magann v. Segal, 6 Cir., 92 F. 252, 259;

Schroeder v. Young, 161 U.S. 334, 337, 338, 16 S.Ct. 512, 40 L.Ed. 721;

Graffam v. Burgess, 117 U.S. 180, 191, 192, 6 S.Ct. 686, 29 L.Ed. 839.

[4] Neuberger v. Felis, 203 Ala. 142, 82 So. 172, 174;

Grass v. Osborn, 9 Cir., 39 F.2d 461;

Belding-Hall Mfg. Co. v. Mercer & Ferdon Lumber Co., 6 Cir., 175 F. 335, 340;

Parker v. Hand, 299 Ill. 420, 132 N.E. 467, 469;

Compton v. Three Rivers Glass Co., Tex.Civ.App., 43 S.W.2d 175, 176;

Cf. In re Downing, 2 Cir., 201 F. 93.

his right to set aside the fraudulent conveyance. No person other than the two sons could safely bid at the sale. There were no other bids. The sale was wholly illusory. The action of the trustee in petitioning for leave to make the sale and the order of the referee directing the sale were clearly improvident and worked a legal fraud on the creditors. Under all the circumstances, we think the order of the referee setting aside the sale and the order of the trial court confirming his action were clearly right.

The judgment is affirmed.