## Weir v. Taylor

*William H. Mitman,* for petitioner.

*Lawrence E. Wood,* for defendant and garnishees.

KURTZ, Jr., J., July 17, 1967.—Berwin A. Taylor, Jr., and Flora F. Taylor, who was then his wife, were, prior to November 18, 1966, the owners of three distinct tracts of land in this county, one of which, containing five acres, 140 perches, was situate in West Whiteland Township, and the other two in Warwick Township. Title to the tract situate in West Whiteland Township was acquired through two deeds of conveyance, the first dated August 12, 1947, recorded in deed book D-23, at page 167, in which Benjamin J. Giordano and wife conveyed title thereto to Robert

J. McKeand and the said Berwin A. Taylor, Jr., as tenants in common, and the second, dated July 8, 1949, recorded in deed book E-24, at page 266, in which the said McKeand conveyed his undivided one-half interest therein to Flora F. Taylor. (Note: Although the above recitation pertaining to the conveyances involved does not appear in either the stipulation or amended stipulation filed of record in this case, we, through our own independent search of the records in the office of the recorder of deeds, have ascertained that title was obtained as indicated.) Title to the other two tracts was obtained by the said Taylors as tenants by the entireties through conveyances made in 1959 and 1962, respectively.

Campbell Weir entered a judgment against Flora F. Taylor only on June 8, 1964. The Taylors were divorced by decree of the Court of Common Pleas of Northampton County entered September 23, 1964. On September 28, 1964, Flora F. Taylor executed and delivered a deed which purported to convey her interest in said tracts to trustees for the benefit of her children, one of whom was Berwin A. Taylor, Jr., who also received a life estate in that interest under its terms, and in that deed which was recorded in this county on October 2, 1964, in miscellaneous deed book 161 at page 494, it was recited that she and the said Berwin A. Taylor, Jr., had been divorced on September 23, 1964, by a decree of the Court of Common Pleas of Northampton County, Pennsylvania, indexed therein to February term 1964, no. 66. On September 26, 1966, Weir, without reviving the lien of his judgment, issued execution against the said Flora F. Taylor's interest in all three tracts, joining the grantee-trustees named in her deed of trust including Berwin A. Taylor, Jr. as garnishees. At the sheriff's sale held on November 18, 1966, Berwin A. Taylor, Jr. bid $17,000 for the interests then being sold, the interests

in all three tracts having been offered in one sale, and said property was struck down to him. He then paid $1,700, the down money required by the conditions of the sale. He has now presented a petition upon which the rule before us was issued, seeking to have that sale set aside. It asserts that the "sale was defective" because Weir's judgment was obtained at a time when Flora F. Taylor was married to Berwin A. Taylor, Jr., and that for that reason "no lien . . . attached to her undivided interest in and to the premises in Warwick Township which were owned by the entireties", and further, that the sheriff's sale "conveyed nothing to the purchaser, your petitioner, and your petitioner has been unable to obtain an insured title as a purchaser of said premises".

Weir filed an answer to the petition in which he admitted most of the factual allegations it contained but denied that the sale was defective and that it did not fulfill its function of selling the title of Flora F. Taylor in the premises. When the matter came on for hearing, Weir's counsel said in open court that it was being presented as if on a demurrer to the petition, a position in which he still persists, as evidenced by his memorandum in reply to the sheriff's brief which he filed as recently as July 3, 1967. At the same time, counsel asked leave to join with petitioner's counsel in a stipulation of fact which the court was to consider in arriving at a decision. Since that time, an amended stipulation has also been filed. We have found no authority in the Pennsylvania Rules of Civil Procedure permitting a demurrer to a petition of this kind. Indeed, we have difficulty in understanding the position of a party who seeks to demur and at the same time answer. However, at argument we agreed to accept the stipulation in lieu of testimony on the issues which were framed by the petition and answer. We must now direct our attention to the resolution of those issues.

From the foregoing, we think it is clear that on June 8, 1964, the date upon which Weir obtained his judgment, he acquired a lien upon Flora F. Taylor's undivided one-half interest in the West Whiteland Township property. Since nothing more than an undivided one-half interest in that property was ever conveyed to her, she could not acquire any greater or higher interest in it, and since that was the interest which was subject to the lien of Weir's judgment, it was liable to an execution based upon it.

Her interest in the Warwick Township properties was as a tenant by the entireties at the time the judgment was obtained. Her interest remained such until the decree of divorce was entered on September 23, 1964. Regarding the effect of the divorce upon her title, the applicable statute, the Act of May 10, 1927, P. L. 884, sec. 1, as amended by the Act of May 17, 1949, P. L. 1394, sec. 1, 68 PS §501 which became effective September 1, 1949 (see Collins v. Wilkinson, 366 Pa. 108, 110 (1950)), provides, inter alia:

"Whenever any husband and wife, hereafter acquiring property as tenants by entireties, shall be divorced, they shall thereafter hold such property as tenants in common of equal one-half shares in value . . ."

However, section 3 of the original act, as amended by section 1 of the later one, 68 PS §503, contains this proviso:

"Provided, however, That no decree of divorce as aforesaid shall be effective to change the existing law relating to liens upon property held by tenants by the entireties, except a decree of divorce that is valid in this Commonwealth, and not until the said decree of divorce, or a certified copy thereof, shall be recorded in the office of the recorder of deeds of the county where the property is situate, which decree shall be

indexed in the grantor's index against each of the said tenants by the entireties".

Thus, Flora F. Taylor became a tenant-in-common, seized of an undivided one-half interest in this property upon the date when the divorce decree was entered.

Was Weir's judgment a lien upon Flora F. Taylor's undivided one-half interest in that property at the time execution issued upon it or was a revival of the judgment by him after the divorce necessary before that result could be obtained?

The answer to this question turns on the nature and character of a tenancy by the entireties created after September 1, 1949. We will direct our attention to a consideration of the characteristics of such a tenancy.

Prior to the time when the Act of 1949 became effective, a tenant by the entireties remained such so long as both tenants continued in life or until they, by some positive act of relinquishment or conveyance, either relinquished their interest therein or conveyed their entire interest to another. During the time prior to the operation of the amendment, the tenant surviving upon the death of the other spouse was the owner of the entire estate in any given piece of property so held and a judgment obtained against the one who survived was an inchoate lien upon that tenant's entire interest in the premises from the date of its inception, which ripened into a full-blown lien upon the entire estate of the survivor upon the other spouse's death. Such a judgment, it was said, was a lien upon the contingent expectancy of the survivor from its inception but was enforceable only upon the realization of that expectancy, i.e., the death of the other tenant: Beihl v. Martin, 236 Pa. 519 (1912); Frank R. Fleek v. Fred Zillhaver, 117 Pa. 213 (1887). Thus, one of the attributes of such an estate was its liability to lien and execution after the death of the

other spouse on a judgment obtained against the tenant who survived.

In our view, the Act of 1949 has added another attribute to the make-up of an estate by the entireties created pursuant to its provision. Upon the divorce of the tenants, each shall become a tenant-in-common with the other without more, each then owning an undivided one-half interest therein. A judgment obtained against one of the tenants prior to divorce becomes a lien upon all of the rights of that tenant in the property from the time of its entry and remains a lien upon those rights or any enlargement or modification of them until it is lost by alienation or otherwise. Thus, the tenancy-in-common which follows a tenancy by the entireties terminated by divorce is but a continuation in modified form of that which each tenant acquired when the original estate was created, and the lien of a judgment obtained against one continues to bind that one's interest so long as any interest incident to the original tenancy remains. It is for this reason that we conclude that the Weir judgment bound Flora F. Taylor's tenancy-in-common following the divorce and that her later conveyance to trustees as aforesaid was made subject to that lien unless that result is not possible in the light of the proviso of section 3 of the statute quoted above.

What of the proviso and what effect did it have in this situation in which the Taylor divorce decree was not recorded as therein required? There have been two points of view expressed on this point. In Hershey Creamery Company v. Heilman, 83 Montg. 144 (1964), the Court of Common Pleas of Montgomery County held that a decree of divorce must be recorded before a judgment entered prior to divorce becomes a lien against the tenancy in common of one of the former tenants by the entireties. In Wirtz v. Phillips, 251 F. Supp. 789 (1965), the United States District Court for the West-

ern District of Pennsylvania held to the contrary. We subscribe to the latter view.

An examination of the statute makes it clear that in its first section it specifically declares that upon divorce, tenants by the entireties "shall thereafter hold such property as tenants in common". That section also provides that after divorce either party may bring suit against the other to have the property sold and the proceeds divided between them. Section 2 thereof, 68 PS §502, makes provision for the appointment by the court of a trustee to make sale of the property and prescribes the procedure to be followed in the conduct of that sale and in the obtaining of its confirmation by the court. The third section deals with the distribution of the proceeds of any such sale, directing that liens entered of record jointly against both of the parties shall be paid from the joint fund which the sale produces, and that liens entered against either party shall be deducted from that party's share, thus indicating that judgments entered against one of the tenants individually are entitled to recognition. The proviso, as quoted above, follows that provision.

If we were to hold that this creditor's judgment never attached as a lien upon the tenancy-in-common interest of Flora F. Taylor after divorce, we would be requiring him to keep himself informed as to the marital status of the landowners no matter where they might be, to obtain a certified copy of their divorce decree, perhaps from the records of a court in some distant place, if and when that event took place, and to record that decree in this county in order for him to obtain his lien. This burden would be one which he could not possibly fulfill. On the other hand, we cannot expect that the judgment debtor or her spouse will take any such action to insure that the creditor is paid, since it is not in their interest that such be done.

Additionally, we cannot conclude that the proviso was included in the statute for the protection of bona fide purchasers of the property for value, because such purchasers have the record of title together with the mortgage, judgment and other lien records available to them in any case and must satisfy themselves that the title they accept from their grantors is one which meets their requirements. The mere entry of a judgment upon the judgment records in the proper county would serve to put such a purchaser on notice so that he might make inquiry as to the status and validity of that judgment.

The alternative conclusion is that the proviso was included in the statute for the purpose of protecting the priority of liens in the distribution of the proceeds of a sale held pursuant to its provisions, and that it might also have application on the question of priority and discharge of liens on an execution sale. We cannot believe that it should be interpreted in such a way as to preclude the holder of this judgment from obtaining a lien against the interest of Flora F. Taylor immediately upon the entry of the divorce decree.

Furthermore, we believe that another consideration peculiar to the facts of this case must not be overlooked in this connection. The application before us is made by one of the parties to the divorce action who was also a party-grantee to the judgment debtor's deed after the divorce, which was recorded in this county and which makes specific reference to the decree of divorce. This petitioner has accepted that deed from the judgment debtor in which she purports to convey her interest as a single woman. Certainly, one with the knowledge which this petitioner possessed cannot now be heard to complain that recordation as required by the statute had not been accomplished. He, of all people, had full knowledge of the true situation; hence, he could have lost nothing nor could he be deprived of any stand-

ing or right through the failure to record the divorce decree. Indeed, he, with his full knowledge of the situation, became the purchaser of the interest sold at the sheriff's sale.

Petitions to set aside such sales are addressed to the sound discretion of the court: Kline v. Kline, 324 Pa. 145 (1936); Lefever v. Kline, 294 Pa. 22 (1928); First National Bank of Koppel v. Mount, 132 Pa. Superior Ct. 518 (1938). We find nothing in the record before us which impels us to exercise our discretion in favor of petitioner's position. If he has bought a lawsuit or a defective title, he did so with his eyes wide open and with complete knowledge of all there was to know concerning the transaction which gives rise to his problem. He has no room for complaint.

Rule discharged.