## JOSEPH BONGARD

*v.*

## CHRISTIAN F. BLOCK.

1. FRAUDULENT CONVEYANCE—*who are creditors protected against.* A party having a claim for damages, growing out of a personal wrong or tort, is a creditor within the meaning of the Statute of Frauds, and will be protected against a fraudulent conveyance made by the tort-feasor.

2. If a party, after the commission of a personal wrong, and after suit to recover damages therefor, but before judgment, conveys all his property to his daughter, in consideration of love and affection, not keeping sufficient to meet his liability, the conveyance will be set aside in equity, and the property subjected to the payment of the judgment.

APPEAL from the Circuit Court of Champaign county; the Hon. A. J. GALLAGHER, Judge, presiding.

Mr. Z. S. SWAN, Mr. T. J. SMITH, and Mr. G. W. GERE, for the appellant.

Mr. J. S. WOLFE, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court :

This appeal is prosecuted from the circuit court of Champaign county, to reverse a decree rendered therein in favor of Christian F. Block, complainant, and against Joseph Bongard and others, defendants.

The complainant brought his action to the August term, 1872, of the circuit court of Ford county, against the defendant Bongard, which resulted in a judgment in favor of the plaintiff for fifteen hundred dollars damages, and costs of suit. A *fi. fa.* was duly issued on this judgment, directed to the sheriff of Champaign county, where defendant resided, which came to the hands of the sheriff on the 20th of September. The writ was returned on October 25, indorsed that he had read the same to the defendant, and demanded satisfaction thereof; that defendant refused to turn out property, and finding no property, it was returned unsatisfied.

Prior to the judgment, defendant Bongard was the owner in fee of a certain tract of land, situated in Champaign county, which, on September 2, 1872, he conveyed by deed, in consideration of love and affection, to his daughter, Mary Waldo.

The scope of the bill was to set aside this conveyance as fraudulent, as one made with the intent to hinder, delay and defraud complainant, and made in anticipation of the recovery of a judgment by complainant against the defendant, and to prevent the collection of the same.

The question is made by appellant, that complainant, at the time of the conveyance, was not a creditor within the meaning of the statute, his cause of action being for a tort.

This point is settled by this court in *Walradt et al.* v. *Brown,* 1 Gilm. 397. It was contended in that case, that parties having claims or causes of action arising *ex delicto,* are not protected by the statute, the word " creditors " alone being used. The court said that word was not used in its strict technical sense, but includes all parties who have demands, accounts, interests or causes of action, for which they might recover any debt, damages, penalty or forfeiture; that such were the interests which the statute expressly says shall be protected, and, therefore, all persons having such interests must be included in the word " creditors."

That the intent of this conveyance was to hinder, delay, defraud the creditors of the grantor, is quite apparent. That natural love and affection will support a conveyance from a parent to the child, is not questioned, but the grantor must reserve property sufficient to pay his debts or to satisfy his liabilities. A man can not be justified, after committing a personal wrong and injury to another, for which damages may be recovered, in conveying all his property to his child. The .ntent is too apparent. This land, it would appear, was all the property appellant possessed, and it must be held subject to answer to demands existing against him at the time of the conveyance.

The point that the record affords no evidence of the amount of costs, is not well taken. The record recites a finding by the

court of the costs awarded in the common law action, and which may have appeared from the record produced to the court.

We are satisfied the evidence sustains the decree, and no valid objections exist against it, and it must be affirmed.

*Decree affirmed.*