WARREN SPRINGER

*v.*

FRANK A. BIGFORD.

*Filed at Ottawa March 28, 1896.*

1. COURTS—*jurisdiction of circuit court to try right of property, in attachment.* The circuit court is not deprived of jurisdiction to determine the right to attached property, which is claimed by a third person under the provisions of the Attachment and Garnishment acts, by the act for the trial of the right of property in the county court. (Laws of 1875, p. 69.)

2. EVIDENCE—*authority of vice-president of corporation to make bill of sale.* An instrument purporting to be a bill of sale from a corporation, executed by its vice-president, with the corporate seal attached, is admissible to show the transfer of the property therein mentioned, although there is no proof that the vice-president was authorized to execute it.

3. SAME—*attacking fraudulent transfer of personal property—what proof necessary.* Failure by an attaching creditor, who claims that a bill of sale by the principal debtor was fraudulent, to prove that he was a creditor of the debtor at the time of the transfer, is not remedied by the subsequent recovery of judgment against the principal debtor in the attachment suit, since such transferee, standing in the attitude of a stranger to the record, was chargeable with no notice of the attaching creditor's rights.

4. APPEALS AND ERRORS—*when rejection of proper evidence is harmless.* Rejection of evidence offered by an attaching creditor to show that a bill of sale by the debtor to a claimant was colorable, only, is not material error, where such creditor fails to prove that he was a creditor of the principal debtor when the bill of sale was made.

*Springer* v. *Bigford,* 55 Ill. App. 198, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ABNER SMITH, Judge, presiding.

WILLIAM J. AMMEN, for appellant.

D. H. PINNEY, and WILBER, ELDRIDGE & ALDEN, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

In this case appellant, on October 23, 1893, obtained judgment, by default, against the American Vault, Safe and Lock Company, in attachment proceedings begun on the third day of the same month in the circuit court of Cook county. The Columbian Exposition was served as garnishee, and answered to interrogatories, "that at the date of the service of the writ of attachment issued in this cause it had as an exhibit, under contract to remain until the close of the World's Columbian Exposition, six safes of the American Vault, Safe and Lock Company; that the value of said exhibit is unknown to this garnishee." After judgment, but at the same term, Bigford, the appellee, appeared as a claimant of the safes in question, and alleged in his interplea that "the goods and chattels, to-wit, the six safes garnisheed, in the hands of

the World's Columbian Exposition, by virtue of the said writ of attchment and garnishment in this behalf, were, at the time the same were so garnisheed, and still are, the property of the said Frank A. Bigford, and not of the American Vault, Safe and Lock Company, and this claimant avers that he, the said claimant, derived title to said goods and chattels by virtue of the said bill of sale made, executed and delivered on, to-wit, the 29th day of July, 1893, by the defendant, the American Vault, Safe and Lock Company, to this claimant, and that this claimant took possession of said goods and chattels, and has had possession thereof ever since the said 29th day of July, 1893, as aforesaid." By agreement of counsel the case was tried by the court, without a jury. The court considered the right in said property to be in the claimant, Bigford. On appeal by appellant to the Appellate Court for the First District the judgment was affirmed, and appellant prosecutes his further appeal to this court.

Many questions have been raised and discussed by counsel in their briefs, as they were filed in the Appellate Court, which we do not deem necessary to be mentioned here.

Appellant insisted in the trial court, and has assigned for error here, that that court had no jurisdiction to try the right of property in the safes in question, but that such issue could be tried only in the county court, under the act providing for the trial of the right of property, approved April 9, 1875, (Rev. Stat. 1875,—Meyer's ed.—chap. 140*a*.) It is a sufficient answer to say that this was a proceeding under the acts relating to attachments and garnishment, which expressly provide that any person, other than the defendant, who may claim the property may appear and interplead, and have his right to the property determined in the same court. (*Juilliard & Co.* v. *May*, 130 Ill. 87.) The court properly refused to dismiss the proceedings.

It is next urged that it was error to admit in evidence, against the objection of appellant, the writing purporting to be the bill of sale to appellee of the American Vault, Safe and Lock Company, by its vice-president, with the seal of the corporation attached, in the absence of proof that the vice-president was authorized to execute the instrument. The instrument was under the seal of the corporation. We think the ruling was not error in view of the previous decisions of this court. (*Sawyer* v. *Cox*, 63 Ill. 130; *Bills* v. *Stanton*, 69 id. 51; *Indianapolis and St. Louis Railroad Co.* v. *Morganstern*, 103 id. 149; *Consolidated Coal Co.* v. *Peers*, 150 id. 344, and cases there cited.) Besides, it appeared that the vice-president was in full charge of the business of the company in Chicago, and appellant's judgment against the company was based on service of process on him.

The question to be determined under the issue made upon the interpleader was, whether appellee or the safe and lock company was the owner of the six safes mentioned in the answer of the garnishee. This was a separate issue between the claimant and the plaintiff in the attachment, and one with which neither the defendant in the attachment nor the garnishee had anything to do. As said in *Juilliard & Co.* v. *May*, 130 Ill. 87, the interpleader should be interposed while the attachment suit is *in fieri*, which would be before or during the term at which final judgment is rendered against the defendant in the attachment, and it was so interposed at the same term, but after judgment, in the case at bar. Appellee satisfied the burden of proof when he gave in evidence the bill of sale and the taking possession of the property thereunder. To overcome the case thus made by the claimant, appellant undertook to prove that this transfer of the property was fraudulent as to creditors,—that it was not a *bona fide* sale, but was merely colorable,—and certain facts and circumstances were shown having some tendency to prove this contention. But one important

and essential element of such proof was wholly omitted,
—that is, that appellant was a creditor of the defendant
in the attachment. Appellant was not injured by the
alleged fraudulent transfer unless he was a creditor of
the vendor, and the court could not find that he was
such creditor simply because he had brought an attach-
ment suit.

It is insisted, however, that before the issue on the
interpleader was tried, judgment had been entered in
favor of appellant against the company, and that by his
intervention in the cause the claimant was charged with
notice of the judgment and of the pleadings in pursuance
of which it was entered, and that the judgment and
pleadings were sufficient proof of the indebtedness to the
appellant and when it accrued. We do not think so.
The claimant was not a party to the judgment, and, as
held in *Juilliard & Co.* v. *May, supra,* he stood in the atti-
tude of a stranger to the record. He came in for the only
purpose of claiming the property which appellant sought
to reach by the attachment and garnishment. He could
have interpleaded before as well as after judgment. He
was not called upon to answer or deny any allegation in
the pleadings that the defendant was indebted to the
plaintiff in the attachment. There was therefore no
admission of record against him of such indebtedness.
Had the issue on the interpleader been submitted to a
jury, the court would not have been warranted in instruct-
ing the jury that it stood admitted of record that the
defendant was indebted to the plaintiff in the amount
stated in the judgment or on account of the demand
claimed in the pleadings in the attachment. The judg-
ment was not offered in evidence, and the court, sitting
as a jury, could no more consider it than a jury could.
Had the judgment been given in evidence it might have
shown that appellant was a creditor at the time of its
rendition, but, as the transfer was made upwards of two
months before, the proof would still have been lacking

that appellant was a creditor of the company when the alleged fraudulent conveyance was made; and the rule is, that subsequent creditors cannot have a conveyance set aside as fraudulent unless it is merely colorable and a secret trust exists in favor of the vendor, or it is made with a view of defrauding future creditors. *Wooldridge* v. *Gage*, 68 Ill. 157; *Crawford* v. *Logan*, 97 id. 396; *Guffin* v. *Morrison Bank*, 74 id. 259; *Union Mutual Life Ins. Co.* v. *Spaids*, 99 id. 249; *Tunison* v. *Chamblin*, 88 id. 378; *Jones* v. *King*, 86 id. 225.

Appellant made certain offers of proof, (which, on objection, were rejected by the court,) which, had appellant proved himself a creditor, should, we think, have been allowed. For example: notwithstanding the bill of sale purported to convey the six safes in question, and "all safes, goods, chattels and fixtures belonging to said first party at their store 309 Dearborn street, in the city of Chicago," appellant offered to prove that the company continued to pay the rent for the store after the claimant took possession and while he was claiming to be conducting the business for himself, and even after the commencement of the suit. Unexplained, this evidence, if produced, would, in connection with other facts and circumstances in evidence, have tended to prove that the transfer was only colorable, and that the company retained a beneficial interest in the property and business; but as there was no proof offered that appellant was a creditor of the company or had any demands against it, of any nature or kind, the evidence offered was wholly immaterial, for appellant was in no position to question the transaction. He was not injured by the rejection by the court of this evidence.

What has been said disposes of other questions raised, relating to the admission and exclusion of evidence and to propositions of law held and refused.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*