## F. M. Roberts, Administrator, v. Effie Tunnell.

1. STATUTE OF LIMITATIONS—*Defense of—Personal.*—The defense of the statute of limitations is personal to the party against whom the cause of action is charged or relief sought, or who has some legal estate in the subject-matter to be affected, which he may ordinarily interpose or waive as he sees fit.

2. ADMINISTRATOR—*Where It Is His Duty to Plead the Statute.*— An administrator represents only the personal property belonging to the estate, and creditors and distributees entitled to share in the disposition of it or its proceeds; and in his representative capacity, as trustee of such property for such persons, it is his duty to interpose the presumptions and positive limitations of the law '' against claims presented for allowance and coming within his purview.''

3. SAME—*Where He Can Not Plead It.*—Where the claim is not presented for allowance against the estate or to be paid in whole or part out of any property or fund then in or which might come to the hands of the administrator or be represented by him, but by a foreclosure proceeding to which he becomes a party on his own application and by which it is sought to enforce what had been, and unless the statute was rightfully pleaded still was, a valid first lien upon specific real estate, against the owners by inheritance, all of whom were made parties, but were not personally liable for the mortgage debt, the administrator can not plead the statute of limitations.

4. SAME—*Where He Is Not a Necessary Party.*—In a proceeding to foreclose a mortgage upon land of a deceased mortgagor where the premises are worth less than the amount of the debt, and where there can be no decree for any deficiency in the proceeds of the sale of the mortgaged premises, to be paid out of the personal estate, the administrator is not a necessary party.

**Mortgage Foreclosure.**—Appeal from the Circuit Court of Greene County; the Hon. GEORGE W. HERDMAN, Judge, presiding. Heard in this court at the November term, 1895. Decree affirmed. Opinion filed May 16, 1896.

MARK MEYERSTEIN, attorney for appellant, contended that appellant, as administrator, had not only the right to set up in his amended answer the statute of limitations as a defense in bar to this proceeding, but it was his duty so to do. McCoy v. Morrow, 18 Ill. 519; Unknown Heirs, etc., v. Jonathan H. Baker, Adm., 23 Ill. 484.

The defendant in a bill in chancery may set up and rely on the bar of the statute of limitations by answer. Pierce v. McClellan, 93 Ill. 245; Borders et al. v. Murphy, 78 Ill. 81; Nichols v. Padfield et al., 77 Ill. 253.

Where an action upon a promissory note is barred by the statute of limitations no foreclosure can be had of a mortgage, given to secure the payment of it. Schifferstein v. Allison, 123 Ill. 662; Marsh v. Mayers et al., 85 Ill. 177.


HENRY T. RAINEY, attorney for appellee.

The statute of limitations is a personal plea. Emory v. Keighan, 94 Ill. 546.

An administrator may, if he desire, pay a barred debt. 13 Am. & Eng. Ency. of Law, 178.

An administrator may pay a barred debt without being required to take advantage of the statute. Id. 707.

The plea of the statute of limitations is one of those defenses which a debtor may not desire to make, and an administrator ought not to be permitted to make a defense, which the debtor, if living, might not desire to make. "The law allows a man to be honest, and to pay his own debts, and the law does not compel him to resort to this defense, nor can others do it for him." Id. (note), Sheilds v. Schriff, 124 U. S. 351.


MR. PRESIDING JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

This was a bill filed by appellee on January 11, 1895, against the heirs of decedent to foreclose a mortgage of real estate executed by him to secure the payment of his note to her of February 4, 1878, and due at two years from its date.

Allen died June 5, 1887, intestate and without descendants. No administration was granted upon his estate until August 23, 1894, when letters were issued to appellant. On March 5, 1895, upon his own application, he was made a party defendant to the bill and filed an answer together with a plea of the statute of limitations. The plea having been set down for hearing and held insufficient, he obtained leave to withdraw it and amended his answer by setting up therein the same defense; to which exception was sustained and he elected to stand by it. The case was regularly disposed of as to the heirs by defaults taken as to some and appointment of guardians *ad litem* and their answers and replications thereto filed as to the others; and upon a hearing on the defaults, pleadings and proofs a decree passed, finding the amount due to be $1,894.33, ordering its payment by the heirs, or in default thereof a sale of the mortgaged premises and foreclosure, in the usual form; from which the administrator took this appeal.

Whether he had the right to plead the statute, is the only question in the case.

It is understood that this defense is personal to the party against whom the cause of action is charged or relief sought, or who has some legal estate in the subject-matter to be affected; which he may therefore ordinarily interpose or waive as he sees fit. A debtor, though insolvent, may as lawfully pay a debt that is barred by limitation as one that is not, if there be no positive statute prohibiting it. So he may dispose of his property or suffer it to be disposed of in the course of judicial proceedings to satisfy it, subject only to valid and subsisting liens. One creditor, as such, can not compel him to interpose it against the claim of any other. Acting for himself, in his own right, he may do so or not, according to his own will. Am. & Eng. Ency. of Law, Vol. 13, pp. 706-7; Sanger v. Nightingale, 122 U. S. 176; Christy v. Bridgeman, 51 N. J. Eq. 333; Emory v. Keighan, 94 Ill. 546; Union Natl. Bk. v. International Bank, 123 Id. 515.

An administrator represents only the personal property

belonging to the estate and creditors and distributees enti-
tled to share in his disposition of it or its proceeds. In his
representative capacity, as trustee of such property for such
persons, it may be his duty to interpose the presumptions
and positive limitations of the law " against claims presented
for allowance and coming within his purview," as was said
in McCoy v. Morrow, 18 Ill. 519, and repeated in Unknown
Heirs of Langworthy v. Baker, Adm'r, etc., 23 Ill. 484. But
this is no such case, nor was the question here considered
at all involved or presented in either of those. The remark
quoted was incidental and unnecessary, but its soundness
may well be conceded without affecting the question now
before us. Here was no claim presented for allowance
against the estate or to be paid in whole or part out of any
property or fund then in or that might come to the hands
of the administrator or be represented by him. The bill
sought to enforce what had been, and unless the statute was
rightfully pleaded still was, a valid first lien upon specific
real estate, against the owners by inheritance, all of whom
were made parties. But they were not personally liable for
the mortgage debt, and therefore there could be no decree,
under the statute, for any deficiency in the proceeds of the
sale of the mortgaged premises, to be paid out of the per-
sonal estate. The excess, if any there should be, would go
to the administrator, which was all he was entitled to or
could get out of the premises. For he did not propose to
pay off the mortgage debt or redeem from the sale, as he
had no means with which to do either, nor would it be pru-
dent or proper to do so if he had. His answer averred that
there was no personal assets, nor any other real property of
the estate, and that the mortgaged premises were worth
much less than the amount of the mortgage debt. Then it
does not appear that he had such an interest in the property
or sustained such a relation to anybody who had, as would
make this purely personal defense available to him.

It was for this reason, doubtless, that appellee did not
make him a defendant to her bill. He was not a necessary
party. Story's Eq. Pl., sections 175, 196. But he became

a defendant on his own application, within a year after his appointment. Section nineteen of our statute of limitations provides that "if a person, against whom an action may be brought, die before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced against his executors or administrators after the expiration of that time and within one year after the issuing of letters testamentary or of administration." This is clearly an enabling provision, which removes the bar of the statute in the cases and to the extent indicated. We do not say, however, that this proceeding, either in form or effect, was an action "brought against the administrator." But he assumed that it was such in effect, as he must, in order to have it made so in form—as he did, that he might make a defense. Upon that assumption we would hold that this provision disallows the defense he attempted to make. Without that assumption we hold that whatever may be the duty or right of an administrator to interpose it in some other cases, upon general principles above stated, applicable to and controlling in this, he can not make it here. Decree affirmed.