GEORGE H. MARTIN *et al.*

*v.*

ROBERT DUNCAN.

*Opinion filed October 13, 1899.*

1. EVIDENCE—*interpleading claimant of attached property may prove his own acts of ownership.* An interpleading claimant of attached property may prove acts of his own tending to show a change in the character of his possession after he took possession, under a chattel mortgage, of the goods, which he had theretofore controlled as agent of the mortgagor.

2. SAME—*facts under which attachment judgment is inadmissible to show that plaintiffs were creditors.* A judgment recovered in an attachment suit against a chattel mortgagor, and offered to show that plaintiffs were creditors of the mortgagor, and as such entitled to attack the good faith of the mortgage transaction, is inadmissible for that purpose when the judgment was rendered more than a year after the execution of the mortgage.

MAGRUDER, J., dissenting.

*Martin* v. *Duncan,* 79 Ill. App. 527, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. CHARLES BLANCHARD, Judge, presiding.

SMITH, HELMER, MOULTON & PRICE, and RECTOR C. HITT, for appellants.

JAMES J. CONWAY, and BREWER & STRAWN, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellee, Robert Duncan, interpleaded and claimed a stock of goods which had been attached as the property of his brother, George W. Duncan. Issues were made up on his interplea, and the verdict and judgment were in his favor. That judgment was reversed by this court and the cause remanded in *Martin* v. *Duncan,* 156 Ill. 274. The opinion in that case states more fully the facts. We there held that the contract of sale and re-sale was a

chattel mortgage, and that the trial court erred in instructing the jury to the contrary. The cause was retried and Duncan again recovered. The judgment has been affirmed by the Appellate Court.

The appellants now contend that the court erred in allowing appellee to prove certain acts of his own in dealing with the stock of goods after he took possession of it under the mortgage. He had previously been in possession as agent of his brother, the mortgagor, and we think the acts shown tended to prove a change in the character of his possession, and that he then openly claimed, treated and dealt with the property as his own.

It is also contended that it was error to refuse to allow appellants to give in evidence the record of their judgment in the attachment suit against George W. Duncan. The object, doubtless, was to prove that appellants were creditors of George W. Duncan, and entitled, as such creditors, to attack the *bona fides* of the sale and transfer to Robert Duncan. Standing alone, this judgment would not have proved or tended to prove that appellants were such creditors at the time of the sale and transfer to Robert, which took place more than a year before the judgment was rendered. No other proof or offer of proof was made in connection with the judgment, and there was no error in refusing to admit it in evidence. *Springer* v. *Bigford*, 160 Ill. 495.

Much care was exercised by the court in instructing the jury, and although appellants complain of the rulings of the court in giving, refusing and modifying instructions, we are unable to find that any error was committed. It is apparent that the important questions involved in the case were questions of fact, and they having been settled against appellants, we cannot interfere.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE MAGRUDER, dissenting.