## Fred Meixner, Appellant, v. Western Live Stock Insurance Company, Appellee.

### Gen. No. 6,259. (Not to be reported in full.)

Appeal from the County Court of Peoria county; the Hon. Chester F. Barnett, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed October 12, 1916.

### Statement of the Case.

Action by Fred Meixner, plaintiff, against Western Live Stock Insurance Company, defendant, to recover one hundred and fifty dollars, part payment of plaintiff's subscription of five hundred dollars to defendant's capital stock. From a judgment on a directed verdict for defendant, plaintiff appeals.

Plaintiff subscribed for twenty-five shares of defendant's capital stock, amounting to five hundred dollars, through a subagent upon the latter's solicitation and statement that he himself owned some of the stock and had all he could get from the company, and if plaintiff would subscribe for twenty-five shares and advance one hundred and fifty dollars thereon this agent would sell it within sixty days and pay back to plaintiff the one hundred and fifty dollars with interest and a profit in addition. Plaintiff subscribed accordingly for five hundred dollars of the stock and paid this subagent one hundred and fifty dollars, which the latter forwarded to defendant, and defendant sent one hundred dollars thereof to the agent under whom the subagent was working as his commission and retained the remainder.

EAGLETON, STONE & ISLEY, for appellant.

MILES & FULLER, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

1. FRAUD, § 18*—*when fraudulent representations are actionable.* Fraudulent and deceitful representations relied on must be concerning an existing fact or facts to furnish a ground of action.

2. SALES, § 411*—*what does not constitute actionable false representation.* Where an agent for the sale of the capital stock of a company made a sale thereof upon his promise to resell within a certain time for the first purchaser's benefit, which he did not do, *held* that even if he did not intend when he made such promise to keep it, it was not such a false representation as would furnish ground for an action of fraud and deceit by such purchaser to recover money paid on the purchase.

3. CONTRACTS, § 63*—*when promise is unsupported by consideration.* The fact that there was a motive for a promise does not

supply the necessary element of consideration to make it enforceable.

4. CONTRACTS, § 69*—*when moral obligation is insufficient consideration.* Where an agent for the sale of the capital stock of a company made a sale of the stock upon his promise to the purchaser to resell within a certain time for the purchaser's benefit, which he did not do, *held* that there would be no legal obligation upon the company to refund the money paid by such purchaser and no sufficient moral obligation to furnish a consideration for the company's promise to refund it.