Alyce D. Till, Plaintiff-Appellee, v. William J. Till, Defendant, Richard E. Steinbrecher, Impleaded Defendant-Appellant.

Gen. No. 51,595.

First District, First Division.

October 9, 1967.

Rehearing denied November 6, 1967.

Bernard V. Narusis, of Crystal Lake, for appellant.

Irving Goodman and Louis Z. Grant, of Chicago, for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

In October, 1964, Alyce D. Till, appellee, filed a petition requesting a rule to show cause to issue against her former husband, William J. Till, for his failure to make the child support payments required by the decree divorcing the parties. In February, 1965, Clearbrook Homes, Inc., which was indebted to William J. Till, on a certain account receivable, was impleaded as a party defendant and ordered to pay those funds in its possession belonging to William J. Till to appellee. Clearbrook Homes, Inc., filed an answer in which it stated that William J. Till had assigned the account receivable to Richard E. Steinbrecher, who was then impleaded as a party defendant and the petition prayed that the alleged assignment to Steinbrecher be declared void as a fraudulent act performed to defeat payment of child support. In May, 1966, a hearing was held and the trial court ruled that the assignment was void and of no effect and further ordered that the funds now due to William J. Till from Clearbrook Homes, Inc., be delivered to appellee as partial payment of the child support arrearages. Richard E. Steinbrecher, who was the attorney for William J. Till and assignee of the account receivable, prosecutes this appeal.

■ Appellant argues initially that the petition was insufficient in that it did not allege all the essential elements of fraud. No motion to strike, or for judgment on the pleadings, was presented by the appellant. The only pleading filed was his answer to the petition. Appellant thus waived his right to assert on this appeal the insufficiency of the pleadings. Ravlin v. Chicago, A. & DeK. R. Co., 297 Ill 130, 129 NE 730 (1921); Anderson v. Anderson, 30 Ill App2d 345, 174 NE2d 716 (1961).

Appellant's theory on the merits of the case is that the burden of proof was on appellee. She failed to sustain that burden because there is no evidence that the assignment was fraudulent. One key factor relied upon by appellant is that after the trial judge indicated he would grant the petition to set aside the assignment, he instructed counsel in preparing the order to make, "no reference or findings or determination on the issues of fraud or collusion, any fraud at all, because the Court is not so holding."

The pleadings and testimony reveal the following factual situation. The Tills were divorced on November 4, 1963. The divorce decree provided that William J. Till pay to appellee the sum of $50 per week as and for child support. However, as of October 4, 1964, the child support payments were no longer forthcoming. At the time of the instant hearing the arrearages amounted to approximately $4,000.

The evidence further shows that Clearbrook Homes, Inc., was indebted to Till Construction Company on an account receivable. In August, 1964, Till Construction assigned all its right, title and interest in said account to William J. Till.

In mid-October, 1964, William J. Till appeared in court pursuant to appellee's petition for a rule to show cause for failure to pay child support. Till was represented by appellant's law offices. Within two weeks after appearing in court, Till executed an assignment of his interest in the Clearbrook Homes, Inc. account to appellant and, according to appellant, Till left the State of Illinois.

The account receivable with Clearbrook Homes, Inc., had a face value of $16,500. At the time of the hearing in May, 1966, the amount due was approximately $2,357. Additional sums might accrue with the passage of time.

There are two distinct classes of cases whereby a conveyance by a debtor may be set aside as fraudulent

vis-a-vis creditors. When there is consideration for the conveyance, the creditor must prove that there was an actual intent to defraud, hinder, or delay creditors. In those cases where there is no consideration, or a grossly inadequate consideration, the transfer is deemed to be voluntary. If it appears that the rights of creditors directly tend to be or are impaired, the question of actual fraud or fraudulent intent is immaterial. The fraud is presumed from the circumstances. The principle involved is that one must be just before he is generous. If the transfer impairs the rights of creditors, this principle is violated and there is what is usually referred to as a "fraud in law." Birney v. Solomon, 348 Ill 410, 181 NE 318 (1932); Wilkey v. Wax, 82 Ill App2d 67, 225 NE2d 813 (1967); Second Nat. Bank of Robinson v. Jones, 309 Ill App 358, 33 NE2d 732 (1941).

Appellee demonstrated that there was an existing debt at the time of the assignment to appellant. She also alleged, and appellant admitted in his answer and on the witness stand, that William J. Till had left the State of Illinois, thus in effect rendering him unable to pay his indebtedness. Cf. State Bank of Clinton v. Barnett, 250 Ill 312, 95 NE 178 (1911). As we view the instant situation it is as if Till were rendered insolvent. In light of the circumstances of the assignment, the case is properly classified as one of "fraud in law." This explains the reason for the trial judge's comment that he was making no finding of "fraud or collusion" since such finding is unnecessary.

 To require that appellee prove actual fraud, the burden is upon the appellant to prove the consideration for the assignment and dispel the implication in law of fraud. Thompson v. Williams, 6 Ill2d 208, 127 NE2d 457 (1955); Birney v. Solomon, supra.

Appellant argues that the assignment was made to pay him for legal services. The only evidence of this was

his statement that Till owed him $3,770. On cross-examination, however, appellant could not remember over what period of time the legal services were rendered for which the fee was due, nor did he enlighten the court what those services were. From the record, all we know is that someone from appellant's offices appeared in court with Till on the return of rule to show cause in October, 1964.

In Crain v. Gould, 46 Ill 293 (1867), a client had placed funds in his attorney's hands. A creditor of the client attempted to garnish those funds. The court held in favor of the garnishor and the attorney appealed. The Supreme Court affirmed the trial court's ruling and stated:

> "It would be a fraud upon creditors to permit a debtor to place his property beyond their reach, by depositing it with an attorney to be held nominally for future services to be rendered in whatever litigation the debtor might be engaged.
>
> ". . . It was the duty of appellant to state what sum, in his opinion, his past services were worth, and what would be a proper fee for such services as he had placed himself under an obligation to render, and the court would allow him to retain in his hands a reasonable compensation therefor. . . . But the answer furnished no *data* upon which the court could decide that the fees, in any contingency within the range of the retainer, would amount to the sum in Crain's hands. If by such an answer, he could retain $1,100 from creditors, he might retain ten times that sum."

■ Appellant's answer to the petition did not set forth that the assignment from Till was for payment of attorney's fees. Only by his unsupported statement on the witness stand did he claim a fee due and owing. As in the Crain case, no data of any kind was offered to the court to support this claim.

Under the facts of this case, we conclude that the trial court properly held the circumstances to give rise to a "fraud in law" situation, and was correct in setting aside the assignment as fraudulent and ordering the funds paid over to appellee for the payment of child support.

Judgment affirmed.

MURPHY, P. J. and BURMAN, J., concur.