Alexander TCHEREPNIN et al., Plaintiffs,

v.

Robert FRANZ et al., Defendants.

No. 64 C 1285.

United States District Court, N. D. Illinois, E. D.

Sept. 21, 1978.

Don H. Reuben and James Klenk, Reuben & Proctor, Chicago, Ill., for receiver.

L. Edward Bryant, Jr., Stephen M. Gatlin, Gardner, Carton & Douglas, Chicago, Ill., for defendants Rush-Presbyterian-St. Luke's Medical Center, Principia Corp., Catholic Children's Home in Alton, and the Jersey County Historical Society.

Raymond F. McNally, Jr., St. Louis, Mo., Edward S. Macie, Elward & Macie, Chicago, Ill., for defendants First Nat. Bank & Trust Co. in Alton, executor of the Knight Estate, and trustee of the Knight Trust.

## MEMORANDUM AND ORDER

ROBSON, Senior District Judge.

This cause is before the court on the motion of crossplaintiff City Savings Association, by its receiver Samuel Berke, [hereinafter the receiver] and pursuant to Fed.R. Civ.Proc. 56 for entry of summary judgment on Count IX of his amended first crosscomplaint against defendant First National Bank and Trust Company of Alton as executor of the estate of Joseph E. Knight and as trustee of the Joseph E. Knight Trust [hereinafter the Bank of Alton] and third party defendants—the Jersey County Historical Society, Principia College of Elsah, Illinois, the Catholic Children's Home of Alton, and Rush Medical College of Chicago—as beneficiaries of the Joseph E. Knight Trust [hereinafter collectively referred to as the charities]. For the reasons hereinafter stated, the receiver's motion for summary judgment as to Count IX shall be granted.

On July 12, 1977, this court granted the receiver's motion for leave to file Count IX of his amended first crosscomplaint. Count IX is part of the protracted litigation involving the events surrounding the collapse of the City Savings Association, a savings and loan association chartered by the State of Illinois and presently under the control

of a federal receiver.[1] This count is brought by defendant and crossplaintiff City Savings Association, by its receiver, to set aside a fraudulent conveyance pursuant to Ill.Rev.Stat. ch. 59, § 4 (1977), and Fed.R. Civ.Proc. 18. Named and joined as defendants in this action are crossdefendant First National Bank and Trust Company of Alton as executor of the Knight estate; third party defendant First National Bank and Trust Company of Alton as trustee of the Knight Trust; and third party defendants—the Jersey County Historical Society, Principia College of Elsah, Illinois, the Catholic Children's Home of Alton, and Rush Medical College of Chicago—as beneficiaries of the Joseph E. Knight Trust.

Prior to the filing of Count IX, this court granted the receiver's motion for summary judgment against the executor of the Knight estate,[2] on April 14, 1975, reported at 393 F.Supp. 1197 (N.D.Ill.1975), and entered judgment against the estate on November 30, 1976, in the amount of $13,969,-504, reported at 424 F.Supp. 778 (N.D.Ill. 1976). The judgment was affirmed by the Seventh Circuit Court of Appeals on January 23, 1978, reported at 570 F.2d 187 (7th Cir. 1978). The certiorari petition of the executor of the Knight estate is now pending in the Supreme Court. In Count IX, the receiver alleges that the assets of the estate of Knight are insufficient to satisfy its judgment against the Knight estate.[3] Thus, the receiver seeks to set aside the conveyance by a deed in trust of real estate in Jersey County, Illinois, executed by Joseph E. Knight in 1970 during the pendency of the receiver's action against Joseph E. Knight.

The receiver seeks summary judgment on Count IX on the ground that Knight's conveyance of real estate to the Knight trust in 1970 constitutes a fraudulent conveyance under Illinois law. Memoranda have been filed in support of the motion by the receiver, in opposition to the motion by the Bank of Alton and the charities, and in reply by the receiver.

On January 15, 1969, the receiver filed its first crosscomplaint praying that judgment be entered against Knight for $15,295,711. On September 23, 1969, the receiver filed its first crosscomplaint praying that judgment be entered against Knight for $15,295,711. On September 23, 1969, the receiver filed an amended first crosscomplaint against Knight stating a claim in excess of $20,000,-000. On February 20, 1970, Knight created a charitable remainder unitrust naming the Bank of Alton as trustee and conveying all his right, title, and interest to certain real estate in Jersey County, Illinois, to the trust. This real estate was valued at $332,-996.50 in 1973. The terms of the trust provided Knight with the income from the trust during his lifetime. Upon his death on April 2, 1973, the income from the trust is payable for twenty years to the Jersey County Historical Society, Rush Medical College of Chicago, Principia College of Elsah, Illinois, and the Catholic Children's Home of Alton, Illinois. After the twenty years, the trust property is to be sold with the net proceeds of the sale to be paid to the charities.

The Knight trust provides that it is "irrevocable and unamendable." Despite this provision, on July 8, 1970, Knight executed a correction deed and affidavit attempting to withdraw from the trust certain of the real estate he had conveyed to it on February 20, 1970. The Bank of Alton concedes that the trust is irrevocable and unamendable and has administered the property subject to the trust as if the correction deed was null and void.

Since Knight's death, the income on the trust property has been deposited in an account with the Bank of Alton. Pending

---

1. The long and protracted history of the City Savings litigation is detailed in the court's order of November 4, 1977, denying defendant's motion to dismiss Count IX. *Tcherepnin v. Franz*, 439 F.Supp. 1340, 1342 n. 1 (N.D.Ill. 1977).

2. The executor of the Knight estate was substituted as defendant after Knight's death in 1973.

3. The assets of the Knight estate are currently estimated at a value of approximately $1,172,-000.

the resolution of this litigation, the parties have agreed that no funds should be distributed to the charities. As of January 1, 1978, the balance in the account exceeds $280,000.

The receiver seeks all of the property conveyed by Knight to the trust, as well as the accumulated income of the trust since Knight's death.

## I. Illinois Fraudulent Conveyance Law

■ The receiver seeks a finding that the conveyance by Knight to the trust with income for life to Knight, thereafter to the charities, and the principal to the charities twenty years after Knight's death constituted a fraudulent conveyance in violation of Ill.Rev.Stat. ch. 59, § 4. Ill.Rev.Stat. ch. 59, § 4 provides that:

Every gift, grant, conveyance, assignment or transfer of, or charge upon any estate, real or personal, or right or thing in action, or any rent or profit thereof, made with the intent to disturb, delay, hinder or defraud creditors or other persons, and every bond or other evidence of debt given, suit commenced, or judgment entered, with like intent, shall be void as against such creditors, purchasers and other persons.

Illinois courts have divided fraudulent conveyance cases into two categories: fraud in law and fraud in fact. *Wilkey v. Wax,* 82 Ill.App.2d 67, 70, 225 N.E.2d 813 (1st Dist. 1967); *Second National Bank v. Jones,* 309 Ill.App. 358, 365, 33 N.E.2d 732 (4th Dist. 1941). The proof requirements for these categories differ so that in fraud in fact cases, a court must find a specific intent to defraud creditors, while in fraud in law cases, fraud is presumed from the circumstances. *Wilkey v. Wax, supra,* 82 Ill. App.2d at 70, 225 N.E.2d 813.

■ The receiver is proceeding on the theory that Knight's conveyance to the trust of the real estate constituted fraud in law. For a finding of fraud in law, there must be a voluntary transfer without consideration, and the transfer must impair the rights of creditors. *Second National Bank, supra,* 309 Ill.App. at 365, 33 N.E.2d 732.

To prove fraud in law the following must be shown: first, a voluntary gift; second, an existing or contemplated indebtedness against the debtor; and third, the failure of the debtor to retain sufficient property to pay the indebtedness. *Mills v. Susanka,* 394 Ill. 439, 448, 68 N.E.2d 904 (1946); *State Bank v. Barnett,* 250 Ill. 312, 317–18, 95 N.E. 178 (1911).

## II. Elements of Fraud in Law

### A. *Voluntary Gift*

■ Where a conveyance is made for a valuable consideration, the creditor must prove an intent to defraud. *Third National Bank v. Norris,* 331 Ill. 230, 234, 162 N.E. 829 (1928). Where a conveyance is made without consideration and where the transfer directly tends to or does impair the rights of creditors, the question of fraudulent intent is immaterial. *Second National Bank v. Jones, supra,* 309 Ill.App. at 365, 33 N.E.2d 732.

Knight provided in his trust agreement that:

Anything to the contrary notwithstanding, it is the intention of the Grantor that the charitable remainders trust in this Agreement qualify as a unitrust under the Tax Reform Act of 1969, and any language tending not to so qualify the charitable remainders shall be disregarded. Joseph E. Knight Irrevocable Trust Agreement ¶ 1.

By these express terms, Knight sought to make a gift to all the charities. To qualify as a charitable remainder unitrust, the remainder interests must be charitable gifts or contributions under Section 170 of the Internal Revenue Code. 26 U.S.C. § 170; Treas.Reg. §§ 1.664–1(a)(iii)(a), 1.664–3(a). Contributions supported by consideration are not charitable contributions or gifts under section 170. *Singer Co. v. United States,* 449 F.2d 413, 422–23, 196 Ct.Cl. 90 (1971). Thus, by the express terms of the Knight trust, Knight sought to make a gift unsupported by consideration to the charity beneficiaries.

Four charities—the Jersey County Historical Society, Principia College of Elsah, Illinois, the Catholic Children's Home of Alton, and Rush Medical College of Chicago—were the beneficiaries of Knight's conveyance to the Knight trust. The Jersey County Historical Society and the Catholic Children's Home of Alton admit that they "gave no consideration to Joseph E. Knight for [their] beneficial interests in the property conveyed by him into irrevocable trust on February 20, 1970." Respective Answers of the Jersey County Historical Society and the Catholic Children's Home of Alton to receiver's first set of interrogatories with respect to Count IX. Thus, it is undisputed that Knight's conveyance in an irrevocable trust to the Jersey County Historical Society and the Catholic Children's Home of Alton constituted a voluntary gift as to these parties.

The other two beneficiaries of the Knight trust—Principia College of Elsah, Illinois, and Rush Medical College of Chicago claim that both legal and moral consideration support Knight's conveyance in trust to them. Principia College claims that the consideration Knight received for the conveyance of property to it constituted the value of that portion of Knight's farm which Principia College "prevented from being taken by eminent domain in 1954 as the site of the U. S. Air Force Academy." Answer of the Principia Corporation to receiver's first set of interrogatories with respect to Count IX. In June, 1954, a special presidential commission voted to build the Air Force Academy on a site that included part of the Knight farm and part of the property of the Principia Corporation. "Joseph E. Knight organized and chaired the Protest Committee of Jerseyville in an effort to convince the Secretary not to select the Jersey County site. The effort was unsuccessful until Knight persuaded The Principia Corporation's officers to join the Committee." *Id.* The Jersey County site was not selected for the Air Force Academy. "Knight told the president of the Principia corporation at about the time he executed his trust that the provision in favor of The Principia Corporation was made in return for its effort in

helping him save his farm. Knight on various occasions told individuals of his gratitude to The Principia Corporation for its efforts, without which he believed his farm would have been taken by eminent domain." *Id.* Rush Medical College of Chicago claims that the consideration Knight received for the conveyance of property to it constituted:

the value of all unpaid physicians' services rendered Mr. Knight by Willard Wood, M.D. over a period of nearly twenty-five (25) years, in return for which Dr. Wood entered into a third-party beneficiary agreement with Mr. Knight in favor of this third-party defendant Rush-Presbyterian-St. Luke's Medical Center by which Mr. Knight would fund the Willard Wood Endowed Chair of Rheumatology of Rush Medical College in perpetual honor of Dr. Wood. Supplemental Answer of Rush-Presbyterian-St. Luke's Medical Center to receiver's first set of interrogatories with respect to Count IX.

The claims by Principia College and the Rush Medical College must be rejected because their actions are not viewed as consideration under Illinois law. It is well-settled that to constitute consideration under Illinois law an action or service must be bargained for. *Bank of Marion v. Fritz, Inc.,* 57 Ill.2d 120, 124, 311 N.E.2d 138 (1974); *McAdams v. Scullin,* 53 Ill.App.3d 374, 378–79, 11 Ill.Dec. 428, 368 N.E.2d 1036 (5th Cir. 1977). With respect to Principia College's claim, there is no evidence of any prior agreement by Knight with the Principia Corporation to give it consideration for its opposition to the proposed site of the Air Force Academy. In fact, the evidence shows that Principia College acted against the government proposal because the proposed site of the Air Force Academy would include land owned by the Principia Corporation. Deposition of C. Richard Kjellstrom at 11. With respect to Rush Medical College's claim, Dr. Wood's medical services do not constitute bargained-for consideration, because Wood and Knight had no agreement that Knight's medical debts owed to Wood would be forgiven if he funded a

chair in Dr. Wood's name at Rush Medical College. There was no legally enforceable obligation because Wood did not consent that the future conveyance would discharge Knight's medical debts. Thus, there was no legal consideration on the part of Wood for the conveyance. 20 Illinois Law and Practice, *Fraudulent Conveyances* § 86, at 131. Wood's lack of knowledge of the trust for his benefit raises a presumption of a gift. Consideration constitutes an exchange for a promise or in reliance upon a promise. The medical services performed by Rush-Presbyterian-St. Luke's Medical Center and Dr. Wood cannot constitute consideration for Knight's conveyance, because the services were performed without any promise or reliance on any promise by Knight to convey land in trust to them. *Plowman v. Indian Refining Co.,* 20 F.Supp. 1, 4 (E.D.Ill. 1937). He considered the question of his fees as completely separate from any gift Knight might make. Wood deposition at 13–14, 18, 23, 34. In fact, he billed Knight for services rendered both before and after Knight's gift to Rush Medical College and filed a claim for over $22,000 against Knight's estate for services rendered.

Neither the action of Principia Corporation in opposing the proposed site of the Air Force Academy, nor the medical services provided by Dr. Wood and the Rush-Presbyterian-St. Luke's Medical Center were bargained for in exchange for the conveyance of land in the trust. Even if Knight made the conveyance to the trust because of Principia Corporation's assistance in preventing the use of the Jersey County site for the building of the Air Force Academy and the provision of medical services by Dr. Wood and the Rush-Presbyterian-St. Luke's Medical Center, the fact of a motive for the promise to convey in trust does not supply the necessary element of consideration to make the promise enforceable. *Meixner v. Western Live Stock Insurance Co.,* 203 Ill.App. 523, 524–25 (2d Dist.1916).

The Bank of Alton and the charities seek a finding of consideration in the form of a moral obligation owed by Knight to Principia College and the Rush-Presbyterian-St. Luke's Medical Center. Illinois law is well-settled that moral consideration is inadequate consideration to support a conveyance, unless the moral obligation was once a legal one. *People v. Porter,* 287 Ill. 401, 406, 123 N.E. 59 (1919); *Cairo Lumber Co. v. Ladenberger,* 313 Ill.App.1, 7, 39 N.E.2d 596 (4th Dist.1941).

The cases cited by the Bank of Alton in support of their proposition that a moral obligation is an adequate consideration for a conveyance are distinguishable. In *Woodford County National Bank v. Conklin,* 292 Ill.App. 53, 59, 10 N.E.2d 864 (3d Dist.1937), and *Roberts v. Tunnell,* 65 Ill. App. 191, 193 (3d Dist.1896), *aff'd,* 165 Ill. 631, 46 N.E. 713 (1897), the debtors paid creditors after the statute of limitations had run out on the claim. The conveyances in these cases were supported by consideration, because the moral obligation was once a legal obligation. In *Parker v. Hand,* 299 Ill. 420, 424, 132 N.E. 467 (1921), the issue to be decided was fraudulent preferences under the bankruptcy act. The court stated that a fraudulent preference is valid as against the world except for creditors at the time of the conveyance. Because the City Savings Association was a creditor by nature of its tort claim against Knight at the time of the conveyance to the Knight trust as discussed *infra,* the decision in *Parker v. Hand, supra,* supports the court's holding here that the conveyance can be set aside by the City Savings Association. The court in *Parker v. Hand, supra,* made no mention of a moral obligation constituting consideration. In *First National Bank v. Kurtz,* 22 Ill.App. 213, 221–22 (2d Dist. 1887), legal consideration was present for the conveyance because of the payment of money to other heirs.

In summary, because none of the charities has shown that consideration supported the transfer by Knight of land to them through the Knight trust, the court finds that the conveyance was a voluntary gift.

### B. *Existing or Contemplated Indebtedness Against the Debtor*

Illinois law provides that a tort claimant is a creditor within the meaning of

the Illinois Fraudulent Conveyance Act. *Bongard v. Block,* 81 Ill. 186, 187 (1876); *Kaibab Industries, Inc. v. Family Ready Homes,* Ill.App., 14 Ill.Dec. 334, 337, 372 N.E.2d 139, 142 (3d Dist.1978). Because Knight conveyed the real estate involved to the Knight trust in 1970 subsequent to the claim by the City Savings Association for tort damages filed in 1969, the City Savings Association was a preexisting creditor at the time of the conveyance even though its claim was not reduced to a judgment until 1976. *Menconi v. Davison,* 80 Ill.App.2d 1, 5, 225 N.E.2d 139 (1st Dist.1967).

Despite the unanimity of Illinois law that a tort claimant is a creditor for purposes of fraudulent conveyance law, the Bank of Alton contends that the mere fact of suit does not create a debt. The cases cited in support of the Bank of Alton are all distinguishable. In *Irwin v. Schleichert,* 327 Ill. App. 512, 519, 64 N.E.2d 566 (1st Dist.1946), there was no indebtedness at the time of the conveyance because the alleged creditors were creditors of a bank in which the grantors had stock, and the grantors could not be liable for their stock ownership in the bank until a demand had been made upon the bank and payment had been refused. In *Mills v. Susanka, supra,* 394 Ill. at 451, 68 N.E.2d 904, although there was a pending suit, there was a bona fide sale for a valuable consideration. As previously stated, the transfer by Knight was a voluntary transfer without consideration. In *Martin v. Duncan,* 181 Ill. 120, 121, 54 N.E. 908 (1899), the court held only that a judgment one year after the sale and transfer of property did not show that the plaintiff was a creditor at the time of the sale. The court made no mention whether a suit was pending at the time of the transfer or whether the sale was supported by consideration. In *Springer v. Bigford,* 160 Ill. 495, 496–97, 43 N.E. 751 (1896), the fraudulent conveyance action was filed after the property had already been transferred, so there was no pending suit at the time of the conveyance. Similarly, in *Bush v. Downey,* 195 Ill. 82, 85, 62 N.E. 868 (1902), there was no pending suit at the time of the assignment of a legacy, and in *Clayton v. Clayton,*

250 Ill. 433, 438, 95 N.E. 480 (1911), no suit was pending at the time property was transferred. In these cases, the parties seeking to set aside conveyances as fraudulent were not creditors, because they did not have a pending suit at the time the conveyances were made.

The Bank of Alton and the charities argue that Knight did not make a fraudulent conveyance despite the pendency of the tort claim because his attorney advised him that "as a public official he was immune from personal liability, and that it was unlikely that he would be held liable, upon which advice he at all times relied." Memorandum in Opposition by the Bank of Alton at page 9. Knight's belief as to the likelihood of liability on the suit by the City Savings Association is irrelevant to a determination of the legal effect of his conveyance to the Knight trust. His failure to be aware of the possible fraudulent conveyance implications of his conveyance, while a tort claim was pending that was later reduced to judgment, does not prevent the application of Illinois fraudulent conveyance law. *See Oliff v. Exchange International Corp.,* 449 F.Supp. 1277, 1297 & n.10 (N.D.Ill.1978).

### C. Insufficient Property to Pay Indebtedness

The receiver in his amended first crosscomplaint in 1969 sought an award of over $20,000,000 against Knight. The receiver subsequently in 1976 was successful in his action and a judgment was entered against the Knight estate in the amount of $13,969,-504. The assets of the Knight estate are currently valued at approximately $1,172,-000. The Bank of Alton and the charities admit that at the time of the conveyance from Knight to the Knight trust, Knight did not own sufficient property to pay for the damages sought in the receiver's first amended crosscomplaint. Thus, he did not retain sufficient property to pay the damages sought. Answers to receiver's first set of requests for admissions with respect to Count IX of his amended first crosscomplaint ¶ 13.

The Bank of Alton states that Knight retained sufficient property to pay any indebtedness he had cause to anticipate. Even if Knight did not anticipate that he would be held liable to the City Savings Association, the City Savings Association was Knight's creditor because of its pending tort action at the time of his transfer of property to the Knight trust. The test in determining the validity of the voluntary conveyance made here as against the creditor City Savings Association is whether the conveyance "directly tended to or did impair the rights of creditors." *Birney v. Solomon*, 348 Ill. 410, 414, 181 N.E. 318 (1932); *Wright v. Risser*, 290 Ill.App. 576, 584, 8 N.E.2d 966 (2d Dist.1937). Because the subsequent judgment shows that the property retained was not sufficient to discharge the tort claim, the transfer may be set aside as fraudulent even if the debtor conveyed with the most upright intentions. *Birney v. Solomon, supra*, 348 Ill. at 414–15, 181 N.E. 318. Irregardless of Knight's belief about his ability to pay off his debts, Illinois law forbids a grantor from conveying property without consideration if the conveyance will leave the grantor without sufficient property to pay the creditor's claim. *Austin v. First National Bank*, 47 Ill.App. 224, 236 (2d Dist.1893). As stated *supra*, Knight's conveyance to the Knight trust was not supported by consideration. The conveyance left Knight without sufficient property to pay the claim of the City Savings Association.

The Bank of Alton further argues that Knight's retention of substantial assets refutes the receiver's allegations of intent to defraud. To render a voluntary conveyance void does not require a showing of actual insolvency. *Birney v. Solomon, supra*, 348 Ill. at 414, 181 N.E. 318. It is sufficient to show that Knight did not retain sufficient property to pay the City Savings Association, a creditor by nature of its pending tort claim at the time of the conveyance. *Harting v. Jockers*, 136 Ill. 627, 634, 27 N.E. 188 (1891).

### D. *Fraud in Law and Intent*

All the elements necessary for a finding of fraud in law are present. First, Knight made a voluntary gift to the trust as the transfer was not supported by any consideration from the beneficiaries of the trust. Second, the City Savings Association, as a tort claimant at the time of the conveyance to the trust, was a creditor with a contemplated indebtedness against Knight later reduced to judgment. Third, Knight did not retain sufficient property to pay the contemplated indebtedness of the City Saving's claim.

The charities argue that under Illinois law circumstances sufficient to prove fraud in law merely raise a presumption that the debtor had an intent to defraud or hinder creditors and that the presumption may be rebutted by proof that the conveyance was in fact not intended to defraud or hinder creditors. In fraud in law cases, as the case here, the intent of the transferor is irrelevant. *Till v. Till*, 87 Ill. App.2d 358, 361, 231 N.E.2d 641 (1st Dist. 1967); *Landers Frary & Clark v. Vischer Products Co.*, 201 F.2d 319, 324 (7th Cir. 1953). Because the intent of the transferor is irrelevant in fraud in law cases, the presumption of fraud can only be rebutted by a showing that the debtor has retained sufficient property to pay his obligations. *Second National Bank v. Jones, supra*, 309 Ill.App. at 367, 33 N.E.2d 732. Because Knight did not retain sufficient property to pay off the pending tort claim of the City Savings Association at the time of the conveyance, the presumption of fraud is conclusive.

### III. Other Issues

The National Bank of Alton reasserts the defenses of lack of jurisdiction and improper venue that were previously raised and determined adversely to the Bank of Alton and the charities on their motions to dismiss, reported at 439 F.Supp. 1340 (N.D.Ill. 1977). This was adequately dealt with there and will not be reiterated. Thus, the court reaffirms its previous holding.

The receiver seeks to have the court declare that the correction deed and affidavit made by Knight is null and void so as to remove any cloud upon City Saving's entitlement to the property described in the Knight trust. By the terms of the trust the trust is "irrevocable and unamendable." The Bank of Alton has been treating the correction deed as null and void in its administration of the trust as trustee. Thus, pursuant to law, the court finds that the correction deed and affidavit is null and void. *Wynekoop v. Wynekoop*, 407 Ill. 219, 226, 95 N.E.2d 457 (1950).

## CONCLUSION

 The defendants are directed to convey all of their right, title, and interest in the real estate described and conveyed in trust in the Joseph E. Knight Irrevocable Trust Agreement executed on February 20, 1970, to the receiver. The Bank of Alton is directed to pay to the receiver the funds held in account no. 20–008583, the Knight Farm Agency Account. The court will take supplementary action if such action is deemed to be necessary to carry out this memorandum and order.

The receiver has made an express direction for the entry of judgment on Count IX of his first amended crosscomplaint. Because Count IX is a severable proceeding from the remainder of the City Savings litigation and there is no just reason for delay, judgment pursuant to Fed.R.Civ. Proc. 54(b) is appropriate. Nonetheless, the court will reserve the entry of a rule 54(b) judgment until the receiver presents to the court a suitable form of judgment.

For the reasons stated, it is therefore ordered that the receiver's motion for summary judgment shall be, and the same is hereby, granted.